UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| BRANDON HUDSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| KIMBERLY M. FOXX, Cook County State Attorney in her Official and Individual Capacity; COOK COUNTY STATE ATTORNEY'S OFFICE; COOK COUNTY, ILLINOIS; JENNIFER WALKER-COLEMAN, in her official and individual capacity as Division Chief of Staff; JENNIFER BALLARD-CROFT, in her official and individual capacity as Chief of Staff; JOAN PERNECKE, in her official and individual capacity as Division Chief; EMILY COLE, in her Official and individual capacity as Supervisor; and MARY JOLY STEIN, in her official and individual capacity as Supervisor; | ) Case No: 18-cv-08243 <br><br> ) Judge Andrea R. Wood |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**

Defendants Cook County State's Attorney's Office, Cook County, Illinois, and Kimberly M. Foxx, Jennifer Coleman, Jennifer Ballard-Croft, Joan Pernecke, Emily Cole, and Mary Joly Stein, in their official and individual capacities ("Defendants"), move this Court to enforce the parties' settlement agreement (Ex. A) and dismiss this case with prejudice. In the alternative, Defendants move to have this case dismissed with prejudice in accordance with the Court's March 31, 2021 Order (Dkt. 95) based on Plaintiff Brandon Hudson's ("Plaintiff") failure to file an amended complaint by April 14, 2021. In support of this motion, Defendants state as follows:

1. On March 31, 2021, this Court dismissed Plaintiff's First Amended Complaint. (Dkts. 95, 96). Plaintiff was given until April 14, 2021 to file a Second Amended Complaint for

1

the counts this Court dismissed without prejudice, and if Plaintiff failed to do "those claims will be dismissed with prejudice." (Dkt. 95). This Court then granted Plaintiff an extension through April 21, 2021.

2. Despite the extension, Plaintiff failed to amend his complaint. (Dkt. 98).

3. As this Court is aware, after the April 21, 2021 deadline, the parties engaged in settlement discussions and settlement conferences with the Court.

4. Following the most recent settlement conference, on June 2, 2021, the Court set June 7, 2021 as the deadline for the parties to make a final decision on settlement and file dismissal papers. (Dkt. 108).

5. On June 7, 2021, Plaintiff signed and returned the executed settlement letter to Defendants' counsel. (Ex. A). Defendants' counsel promptly emailed Plaintiff asking him to file the stipulation of dismissal attached to the settlement letter as requested by the Court. (Ex. B (Stipulation of Dismissal with Prejudice attached to the settlement letter)). Plaintiff never responded.

6. On July 14, 2021, Defendants again emailed Plaintiff asking whether he would file the stipulation of dismissal, or whether Defendants had his permission to file it themselves. Again, Plaintiff did not respond.

7. The language of the settlement letter is clear and requires Plaintiff to dismiss this lawsuit with prejudice. (*See* Ex. A). Since he has failed to do so and has not responded to Defendants' counsel, Defendants request that this Court enforce the agreement and dismiss this case with prejudice.

8. Moreover, the time for Plaintiff to continue this lawsuit and file a Second Amended Complaint and continue this lawsuit has long passed.

9. Rule 41(b) authorizes the Court to dismiss claims with prejudice because Plaintiff failed to comply with the March 31, 2021 order (Dkt. 95), especially since the Court expressly stated that such a failure would result in dismissal with prejudice. Fed. R. Civ. P. 41(b); *see also Watford v. LaFond*, 725 Fed. Appx. 412 at 413 (7th Cir. 2018) (after court warning pro se plaintiff that a failure to amend would result in dismissal with prejudice, rather than file an amended complaint, the plaintiff instead asked the court to recruit counsel. The court dismissed with prejudice and the Seventh Circuit affirmed); *Ewa v. AFSCME, Council 31*, 2012 U.S. Dist. LEXIS 112650 (C.D. Ill. Aug. 10, 2012) (dismissal with prejudice for failing to file an amended complaint within the deadline after the court warned that such failure would result in dismissal with prejudice. The court rejected the plaintiff's stated reason that he did not file a complaint because he was pursuing counsel.); *Johnson v. Schoen*, No. CIV 10-113-GPM, 2011 U.S. Dist. LEXIS 7626, 2011 WL 245569 (S.D. Ill. Jan. 26, 2011) (dismissal with prejudice where the plaintiff failed to file an amended complaint by the deadline).

10. As such, because Plaintiff failed to comply with the Court's March 31, 2021 Order, despite the Court's warning, this Court should dismiss the entirety of this case with prejudice.

WHEREFORE, Defendants request that this Court dismiss this case with prejudice either by enforcing the signed settlement letter or its March 31, 2021 Order.

Respectfully submitted,

/s/ *Sarah R. Marmor*
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Telephone: 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com

mchurma@scharfbanks.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Sarah Marmor, certify that on July 22, 2021, I caused to be filed the foregoing DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Sarah Marmor