UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| BRANDON HUDSON, | ) |
|     Plaintiff, | ) |
| v. | ) |
| KIMBERLY M. FOXX, Cook County State Attorney in her Official and Individual Capacity; COOK COUNTY STATE ATTORNEY'S OFFICE; COOK COUNTY, ILLINOIS; JENNIFER WALKER-COLEMAN, in her official and individual capacity as Division Chief of Staff; JENNIFER BALLARD-CROFT, in her official and individual capacity as Chief of Staff; JOAN PERNECKE, in her official and individual capacity as Division Chief; EMILY COLE, in her Official and individual capacity as Supervisor; and MARY JOLY STEIN, in her official and individual capacity as Supervisor; | ) Case No: 18-cv-08243 <br> ) Judge Andrea R. Wood |
|     Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE TO SHOW CAUSE**

Plaintiff's motion to extend the deadline set by this Court to show cause why this case should not be dismissed presents a welter of irrelevant and uncivil commentary that does not support his motion at all, and fails to inform the Court that Defendants' counsel told him well before he filed his motion that they objected to any extension. At every turn since this Court granted Defendants' motions to dismiss, Plaintiff has looked for ways to delay the inevitable – from settlement conferences with the Court to complaints about his attorney and now to inappropriate attacks on Defendants' counsel. There is nothing in the present motion to justify delaying a ruling on the pending motion to either enforce the settlement agreement Mr. Hudson

1

signed or to declare this case over, with prejudice, based on the fact that Plaintiff did not comply with the deadline for filing an amended complaint as to the non-entity defendants. Plaintiff's conduct should not be rewarded, and his latest motion should be denied.

More specifically, Defendants Cook County State's Attorney's Office, Cook County, Illinois, and Kimberly M. Foxx, Jennifer Coleman, Jennifer Ballard-Croft, Joan Pernecke, Emily Cole, and Mary Joly Stein, in their official and individual capacities ("Defendants"), ask this Court to deny Plaintiff Brandon Hudson's latest attempt to prolong this case without any basis (Dkt. 112 ("Motion")) and dismiss this case with prejudice for the reasons stated in Defendants' Motion to Dismiss (Dkt. 110). In support of their opposition to Plaintiff's Motion, Defendants state as follows:

1. On March 31, 2021, this Court dismissed the entity defendants in this case with prejudice. (Dkts. 95, 96). As to the individual defendants, the Court dismissed all claims without prejudice, and set a deadline for filing a second amended complaint. *Id.*

2. Shortly thereafter, Mr. Hudson's counsel sought to withdraw from this case. (Dkt. 103).

3. In the course of two ensuing settlement conferences with the Court, Mr. Hudson stated that he wanted to dismiss this case with prejudice in accordance with the terms in the Settlement Agreement. (Dkt. 110-1). Mr. Hudson signed the agreement on July 7, 2021. In the Agreement, Mr. Hudson agreed to file an attached stipulation of dismissal with prejudice (Dkt. 110-2). He never did.

4. On July 22, 2021, Defendants filed their Motion to Dismiss asking the Court to enforce the settlement agreement or dismiss with prejudice based on Mr. Hudson's failure to heed

the Court's warning that this case will be dismissed with prejudice if he failed to file an amended complaint by April 14, 2021 – a date extended to April 21, 2021. (Dkts. 95, 98).

5. On July 23, 2021, this Court held a status conference, which Mr. Hudson said initially he was not planning to attend and directed Defendants' counsel and the Court to "proceed with the Settlement [Defendants] filed." (Ex. A (7/23/21 Hudson Email to the Court). After the Court responded to Mr. Hudson telling him that his appearance was required, Mr. Hudson eventually appeared approximately fifteen minutes late.

6. During the July 23, 2021 status conference, the Court found that the Settlement Agreement was "a valid and enforceable written agreement to settle this case and there appears to be no basis to set it aside." (Dkt. 111). The Court repeatedly asked Mr. Hudson whether he objected to enforcing the Agreement or if he had any basis to set it aside. Rather than provide a basis, Mr. Hudson simply reiterated that he was not used to representing himself and did not have an answer. He also advised that he had been contacting attorneys to assist him. The Court reminded Mr. Hudson that even individuals who are not themselves attorneys – like Mr. Hudson – are not entitled to counsel in civil matters.

7. Because Mr. Hudson stated that he was awaiting a response from potential attorneys and the short notice for Defendants Motion to Dismiss, the Court *sua sponte* allowed Mr. Hudson seven days to show cause under Illinois contract law why the Settlement Agreement would not be enforceable. (Dkt. 111). He failed to do so and instead sought a three-week extension not to show cause, but merely to provide a status update. (Dkt. 112).

8. Rather than preparing his motion to show cause or reviewing the case file himself, Mr. Hudson began bombarding Defendants' counsel with a series of emails attempting to reopen negotiations by asking whether Defendants' counsel considered its professional responsibility

obligations, asking wholly irrelevant questions, misstating the facts and posture of this case, and disparaging Defendants' counsel's demeanor. (Email chains attached as Exs. B-C). Defendants informed Mr. Hudson that they would not agree to any further settlement conferences, negotiations were closed, his questions are unrelated to whether the settlement is enforceable, they are not responsible for re-capping the positions taken in this case or doing his work for him, and again asked him to fulfill his obligation to file the stipulation of dismissal with prejudice. (*Id.*). Mr. Hudson never responded with an attempt to explain the relevance of his questions.

9. The present Motion selectively quotes these emails to shift the blame for his failure to show cause and to extend the deadline to allow Defendants and his former counsel time to respond to inquiries. (Dkt. 112 at ¶ 19). However, Mr. Hudson provides no basis for needing any response to these emails or explanation for how these answers might relate to whether the Agreement is enforceable – he does not even bother to cite a single case. Indeed, as Defendants made clear in their emails, they are not required to answer his questions and it was his obligation to substantiate his claims.

10. Mr. Hudson also falsely states that Defendants did not respond to his email asking whether they would agree to an extension. Defendants counsel promptly responded stating that they "object to extending today's deadline." (Ex. D).

11. The Motion appears to indicate that Mr. Hudson will attempt to show that the Agreement is "unconscionable" based on "unequal bargaining power." (Dkt. 112 at ¶ 20). Mr. Hudson provides no explanation or facts showing how either of these might apply to the Agreement at hand or why additional time is necessary, and Defendants have been unable to find any case supporting such an exception here. Indeed, the case law shows both positions are untenable. *See Bank of Am., N.A. v. 108 N. State Retail LLC*, 401 Ill. App. 3d 158, 174 (1st Dist.

4

Ill. 2010) (no defense to letter agreement can be "predicated on an allegation that consent to an agreement was obtained through hard bargaining positions or financial pressures."); *Gavery v. Altheimer & Gray*, 1996 U.S. Dist. LEXIS 13240, *8 (N.D. Ill. 1996) (same and stating that a "[p]laintiff must demonstrate inducement by a wrongful act or threat of another 'under the circumstances depriving him of the exercise of free will.' The mere fact that plaintiff may not have received everything he wanted does not invalidate the release."); *In re Marriage of Bielawski*, 328 Ill. App. 3d 243, (1st Dist. Ill. 2002) ("Unconscionability encompasses an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. The fact that an agreement merely favors one party over another does not make it unconscionable. To rise to the level of being unconscionable, the settlement must be improvident, totally one-sided or oppressive. A court should not set aside a settlement agreement merely because one party has second thoughts.") (internal quotations omitted).

12. Mr. Hudson also provides no reason why his former counsel's failure to respond to his last-minute email, should permit further prejudicing Defendants by delaying this case any longer.

13. Because Mr. Hudson has not provided any legal basis to invalidate the Settlement Agreement, again failed to comply with this Court's orders, and does not explain how any additional time is necessary, this Court should deny the Motion and dismiss this case with prejudice.

WHEREFORE, Defendants request that this Court deny Plaintiff's Motion and dismiss this case with prejudice either by enforcing the signed Settlement Agreement or its March 31, 2021 Order.

Respectfully submitted,

/s/ *Sarah R. Marmor*
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Telephone: 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I, Sarah Marmor, certify that on August 5, 2021, I caused to be filed the foregoing using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

    /s/ Sarah Marmor