| | |
|---|---|
| **From:** | Brandon Hudson |
| **To:** | Morgan Churma; Sarah Marmor |
| **Subject:** | Re: 18 cv 08243 |
| **Date:** | Wednesday, July 28, 2021 1:21:42 PM |

Ms. Marmor:

In good-faith, as a second attempt:

Please re-review the inquiries and respond substantively, as the motion deadline is this Friday, July 30, 2021.

My hope is that you and I may have a more productive conversation. For what it's worth, my former counsel, Ms. DeBarros, stated—in much more direct terms—you were not pleasant to communicate with throughout this matter. Perhaps the case is in the posture based on the personality conflicts between Ms. DeBarros and you.

Given the documents in this case generated by your client and attached, I am surprised there was not an offer to settle much sooner.

I have reviewed your responses below. As the court has allowed an opportunity for a motion to be filed, I ask that we remain focused on settlement and leave the matters of the signature, relevance, and foundation to the court's discretion.

Please re-review the inquiries and respond substantively. Thank you.

Brandon

On Wed, Jul 28, 2021 at 9:21 AM Sarah Marmor <smarmor@scharfbanks.com> wrote:

> Mr. Hudson –
>
> These are questions for your former counsel, not my law firm. The negotiations are over. You signed a settlement agreement and failed to live up to your side of the bargain. You can either do so now or try to convince the court not to grant our motion on Friday; we cannot and will not do your work for you. I am not going to engage with you further on these questions as they are unfounded and irrelevant at this point.
>
>
> Best,
>
>
> Sarah Marmor

**EXHIBIT**

____C____



**Sarah R. Marmor**

Scharf Banks Marmor LLC

333 West Wacker Drive, Suite 450

Chicago, IL 60606

Direct: 312-662-6197

Cell: 773-320-1410

smarmor@scharfbanks.com

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Wednesday, July 28, 2021 12:00 AM
**To:** Sarah Marmor <smarmor@scharfbanks.com>
**Cc:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Ms. Marmor:

Thank you for your kind words and acknowledgment, as well.

Please provide a brief recap of your clients' positions since the filing of this case, as the communication between my former counsel and I deteriorated during the pendency of her representation.

Specifically, has your client(s)—at any time before April 2021—sought to settle this matter or made any offers to make Plaintiff whole and/or provide financial compensation based on:

(1) the letter issued by your client's Human Resources (HR) Department (on 11/27/2017) showing Plaintiff was subject to workplace harassment; (attached)

(2) the termination letter your client issued to Plaintiff (on 12/4/2017), termination effective immediately on 12/4/2017*; (attached) and

*(the March 4, 2018 date in the HR letter is incorrect)

(3) the fact and/or acknowledgement that the HR letter finding Plaintiff was subjected to harassment at your client's place of business and the termination occurred just 7-days after the issue date of the HR letter, noting the HR letter included an anti-retaliation clause?

Has your client(s) ever made an offer to financially compensate Plaintiff for lost wages from the seemingly retaliatory termination? (dated a week after the HR determination)

Please advise if and when your law firm and/or client(s) mentioned or threatened sanctions against my former attorney, Ms. DeBarros?

What was or what is the basis for the mentioning or threatening of sanctions? Did you have a meet and confer with my former counsel, Ms. DeBarros? If so, when? If not, was a meet and confer pending?

Has your law firm and your clients' considered the professional responsibility implications that arise from the defendant's documented attorney misconduct?

While the federal case has currently been dismissed, is your firm or your clients' concerned about the professional responsibility oath, rules, or mandatory reporting requirements? The heightened standard of conduct for prosecutor's and special assistant state's attorneys?

While the federal court, at this time, does not have enough in the pleadings to advance the case on discrimination, defendant's committed an obvious wrongdoing just 7-days after the HR finding issued.

The 7-day proximity in time from the HR report to the termination provides a strong inference of retaliatory termination and does not show good faith by your client.

Now, that Plaintiff is Pro Se, has your client reconsidered financial compensation for Plaintiff?

I would like to have a conversation with you before Friday's upcoming deadline.

Please advise.

Brandon

On Tue, Jul 27, 2021 at 3:14 PM Sarah Marmor <smarmor@scharfbanks.com> wrote:

> Mr. Hudson –
>
> Thank you for your kind words, and I am sorry for your losses as well.
>
> As for the costs of this litigation, there was no itemized list prepared as we never got to that point. If the Court grants our motion to dismiss with prejudice, we have the right to seek our client's costs and fees, which are considerable and in the tens of thousands of dollars at a conservative guess, but would only do so after the dismissal. If, on the other hand, you file the stipulation of dismissal with prejudice per the terms of the settlement agreement you signed, the defendants will refrain from pursuing the costs and fees. The choice is yours.
>
> As for a call, it really is not possible before Friday's deadline. I am tied up on other matters today and tomorrow and will be flying out of the country on Thursday.
>
> Best,

Sarah Marmor

**Sarah R. Marmor**

Scharf Banks Marmor LLC

333 West Wacker Drive, Suite 450

Chicago, IL 60606

Direct: 312-662-6197

Cell: 773-320-1410

smarmor@scharfbanks.com

---

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Tuesday, July 27, 2021 3:06 PM
**To:** Sarah Marmor <smarmor@scharfbanks.com>
**Cc:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Ms. Marmor:

You have my sincere condolences on your loss.

As an expression of empathy, I lost four (4) family members since the beginning of the COVID-19 pandemic.

Please let me know if you have prepared and tendered the itemized costs you discussed with my prior counsel, Ms. DeBarros. If you have an itemized cost, please forward the

documentation to me.

I prefer a phone call at your earliest convenience. However, if that is not possible I will communicate with you via email as your requested preference.

Brandon

On Tue, Jul 27, 2021 at 10:56 AM Sarah Marmor <smarmor@scharfbanks.com> wrote:

> Mr. Hudson –
>
> I do not have time for a call with you. I have suffered a death in my household and am tied up on other matters as I prepare to leave the country for a funeral, and tomorrow will be my last day in the office for a week.
>
> If you wish to communicate about this case, it would be best to do so via email.
>
> Best,
>
> Sarah Marmor
>
> 
>
> **Sarah R. Marmor**
>
> Scharf Banks Marmor LLC
>
> 333 West Wacker Drive, Suite 450
>
> Chicago, IL 60606

Direct: 312-662-6197

Cell: 773-320-1410

smarmor@scharfbanks.com

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Tuesday, July 27, 2021 9:14 AM
**To:** Sarah Marmor <smarmor@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Ms. Marmor:

Please advise if you are available for a telephone conference today. Thank you.

Brandon

On Mon, Jul 26, 2021 at 3:57 PM Morgan Churma <Mchurma@scharfbanks.com> wrote:

> Mr. Hudson,
>
> You were present during the settlement conferences with the Court and those conferences explicitly were discussed last Friday – regardless of whether the docket reflects them as being "official settlement conferences." Your request to re-open settlement discussions after you already executed a settlement agreement in which you promised to dismiss this case with prejudice is pointless. There is no legitimate basis not to enforce the settlement, and your lawyer's decision to withdraw from representing you in this case has no bearing on your decision to sign that document – especially as you are an attorney yourself. Our clients do not agree to any further settlement conferences and Judge Wood's order regarding the upcoming deadline speaks for itself.

Also, please copy Ms. Marmor on emails about this case as she is lead counsel.

Regards,

Morgan G. Churma

Direct 312-897-1483 | Mobile 707-292-3303

Mchurma@scharfbanks.com

The contents of this message may be privileged and confidential. If this message was received in error, please delete without reading. Receipt of this message is not intended to waive any applicable privilege.

---

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Monday, July 26, 2021 3:12 PM
**To:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Mr. Churma:

Please advise of the date when your client participated in an official Settlement Conference on this case. The docket also does not display any official Settlement Conference.

The terms "such conference" and "multiple such conferences," are not the same as an official Settlement Conference under the Federal Rules.

Judge Woods wants to ensure fairness and transparency in the Settlement Agreement.

Given the untimely, precarious, and questionable withdrawal of my prior counsel near the end of the case, an official Settlement Conference will protect all interests of all parties and participants.

If your client requires a Motion to Show Cause by Plaintiff to be filed as a method of making a record of this reasonable request, please advise.

Brandon

On Mon, Jul 26, 2021 at 2:26 PM Morgan Churma <Mchurma@scharfbanks.com> wrote:

> Mr. Hudson,
>
> Our clients will not agree to an additional settlement conference as we already have an executed settlement agreement and have participated in multiple such conferences with the Court. Judge Wood was very clear on Friday that the only reason for keeping this case open was to allow you time to show cause in writing as to why the settlement should not be enforced. It remains entirely unclear to us why you still have not filed dismissal papers. We ask that you fulfill your obligation under the agreement and dismiss this case with prejudice without further delay by filing the stipulation of dismissal we provided.
>
> Regards,
>
> Morgan G. Churma
>
> Direct 312-897-1483 | Mobile 707-292-3303
>
> Mchurma@scharfbanks.com
>
> The contents of this message may be privileged and confidential. If this message was received in error, please delete without reading. Receipt of this message is not intended to waive any applicable privilege.
>
> ---
>
> **From:** Brandon Hudson <bhudson205@gmail.com>
> **Sent:** Monday, July 26, 2021 1:22 PM
> **To:** Morgan Churma <Mchurma@scharfbanks.com>
> **Subject:** 18 cv 08243
>
> Mr. Churma:

Please advise if your client is amenable to an official Settlement Conference, so the Hon. Judge Wood may participate.

Please note consideration of filing a motion for official conference is under review. Thank you.

Sincerely,

Brandon

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*************************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*************************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*************************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*************************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*************************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*************************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--
Brandon
--
Brandon Hudson, Esq.
Direct dial: (630) 697-9306

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*