## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 18-cv-08243 |
| | ) | |
| | ) | Honorable Andrea R. Wood |
| KIMBERLY M. FOXX, Cook County | ) | |
| State Attorney in her Official and | ) | |
| Individual Capacity; COOK COUNTY | ) | |
| STATE ATTORNEY'S OFFICE; | ) | |
| COOK COUNTY, ILLINOIS; | ) | |
| JENNIFER WALKER-COLEMAN, in | ) | |
| her official and individual capacity as | ) | |
| Division Chief of Staff; JENNIFER | ) | |
| BALLARD-CROFT, in her official and | ) | |
| individual capacity as Chief of Staff; | ) | |
| JOAN PERNECKE, in her official and | ) | |
| individual capacity as Division Chief; | ) | |
| EMILY COLE, in her Official and | ) | |
| individual capacity as Supervisor; and | ) | |
| MARY JOLY STEIN, in her official | ) | |
| and individual capacity as Supervisor | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S SUPPLEMENTAL MOTION FOR EXTENSION OF TIME TO SHOW CAUSE

Plaintiff Brandon Hudson ("Hudson"), *Pro se*, moves this Court pursuant to Federal Rules of Civil Procedure 15 and Local Rules of the United States District Court Northern District of Illinois 16.1, subsection 8 (LR 16.1.8 "Extensions of Time."), to extend the time for Plaintiff to show cause why the case should not be dismissed pursuant to the purported Settlement Agreement. In support of Plaintiff's Motion, Plaintiff states as follows, in good faith:

1. Plaintiff, *Pro se*, restates and incorporates by reference paragraphs 1-22 of *Plaintiff's Motion for an Extension of Time* (Dkt. 112 and exhibits, attached for reference).

2. Plaintiff, *Pro se*, restates and incorporates by reference paragraphs 1-9 of *Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion for an Extension of Time* (Dkt. 114 and exhibits, attached for reference). Defendants' Objection to Plaintiff's Motion for an Extension of Time (Dkt. 114) is docket number 113, attached for reference.

3. Plaintiff, *Pro se*, recently received a response from Plaintiff's former counsel Sivonnia DeBarros on August 18, 2021 (two emails containing sixty (60) attachments regarding Settlement discussions).

    a. **Note**: An additional e-mail correspondence from the August 18, 2021 email bundle evidences "unequal bargaining powers" amongst other issues under Illinois contract law with the purported Settlement Agreement. The email exchange between counsel for Defendants' and Plaintiff's former counsel dated Monday, April 26, 2021 at 10:55 am CST (Plaintiff's former counsel to Defendants' counsel) and Friday, April 23, 2021 at 12:49 PM CST (Defendants' to Plaintiff' former counsel) is **not** attached hereto to protect the interests and bargaining positions of the parties, as it contains Federal Rules of Evidence 408 (Settlement) discussions.

    If this Honorable Court wishes, Plaintiff can make this document available to this Honorable Court under seal, if this Honorable Court is inclined to issue an order to review the document. Alternatively, Plaintiff can make this document available for review and inspection by the Court through means this Honorable Court prefers.

b. Plaintiff requires time to review the written Settlement discussion emails in preparation to further show cause to this Honorable Court.

4. Plaintiff requested information from his former counsel three (3) weeks earlier, on July 28, 2021, and the delay was not intentional or caused by Plaintiff.

5. Plaintiff followed-up on his July 28, 2021 request to former counsel Sivonnia DeBarros on August 14, 2021 and received and autoreply stating Ms. DeBarros was "away on vacation with no access to the Internet or phone."

WHEREFORE, the Plaintiff moves this Court to enter an order granting Plaintiff an extension until September 13, 2021, to provide a status update to this Honorable Court on Plaintiff's Motion to Show Cause in the above-captioned matter.

In the alternative, Plaintiff moves to this Court to aid the parties with the purported Settlement and its purported validity where this Honorable Court has an interest in remedying any unconscionability based on "unequal bargaining power," which Plaintiff will further detail in a Motion to Show Cause, if this Honorable Court will kindly grant Plaintiff's instant request for extension.

Respectfully submitted,

Brandon Hudson
Interim *Pro se* (seeking counsel), Plaintiff


By: /s/ Brandon Hudson
       Brandon Hudson
       Interim *Pro se* (seeking counsel), Plaintiff

Brandon Hudson
1507 East 53rd Street
Chicago, Illinois 60615
BHudson205@gmail.com


Page 3 of 4

**CERTIFICATE OF SERVICE**

I, Brandon Hudson, certify that on August 20, 2021, I caused to be filed the foregoing PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SHOW CAUSE using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Brandon Hudson

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 18-cv-08243 |
| | ) | |
| | ) | Honorable Andrea R. Wood |
| KIMBERLY M. FOXX, Cook County | ) | |
| State Attorney in her Official and | ) | |
| Individual Capacity; COOK COUNTY | ) | |
| STATE ATTORNEY'S OFFICE; | ) | |
| COOK COUNTY, ILLINOIS; | ) | |
| JENNIFER WALKER-COLEMAN, in | ) | |
| her official and individual capacity as | ) | |
| Division Chief of Staff; JENNIFER | ) | |
| BALLARD-CROFT, in her official and | ) | |
| individual capacity as Chief of Staff; | ) | |
| JOAN PERNECKE, in her official and | ) | |
| individual capacity as Division Chief; | ) | |
| EMILY COLE, in her Official and | ) | |
| individual capacity as Supervisor; and | ) | |
| MARY JOLY STEIN, in her official | ) | |
| and individual capacity as Supervisor | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO
## SHOW CAUSE

Plaintiff Brandon Hudson ("Hudson"), *Pro se*, moves this Court pursuant to Local Rules

of the United States District Court Northern District of Illinois 16.1, subsection 8 (LR 16.1.8

"Extensions of Time."), to extend the time for Plaintiff to show cause why the case should not be

dismissed pursuant to the purported Settlement Agreement. In support of Plaintiff's Motion,

Plaintiff states as follows:

1. Defendants' filed a Motion to Dismiss with prejudice on July 22, 2021 without proper notice to Plaintiff for a next day, Friday, July 23, 2021, court status hearing. (Dkt. 110).

2. The Court provided Plaintiff 7-days to show cause as to why the case should not be dismissed pursuant to Defendants' Motion to Dismiss. (Dkt. 111).

3. In good-faith, on Monday, July 26, 2021 Plaintiff e-mailed defense counsel, Mr. Morgan Chumra, seeking to discuss the Settlement and defense counsel's Motion to Dismiss (Dkt. 110) as it relates to the fairness, transparency, conscionability, and equity of the filings.

4. In the July 26, 2021 e-mail, Plaintiff expressed to Mr. Chumra concerns of the "untimely" and "precarious" withdrawal of Plaintiff's former counsel, Ms. Sivonnia DeBarros, in the middle of the 'off the record' Settlement discussions.

5. Plaintiff also advised Mr. Churma, in the July 26, 2021 email, there was no "official Settlement Conference" or discussion that Plaintiff was able to participate in when Plaintiff had counsel.

6. In continuation of Plaintiff's good-faith effort to have a productive discussion with defense counsels, on Tuesday July 27, 2021 Plaintiff e-mailed defense counsel, Ms. Sara Marmor, seeking to schedule a telephone conference to discuss the Settlement and defense counsel's Motion to Dismiss (Dkt. 110) as it relates to the fairness, transparency, conscionability, and equity of the filings.

7. On July 27, 2021, Ms. Marmor advised, "I do not have time for a call with you." She further stated she suffered a death in her household and she was "tied up on other matters" as she was preparing to leave the country for a funeral.

8. On July 27, 2021, Plaintiff expressed, "sincere condolences on [Ms. Marmor's] loss," and extended, "an expression of empathy," by informing Ms. Marmor that Plaintiff has lost four (4) family members since the beginning of the COVID-19 pandemic.

9. In addition to expressing condolences and extending empathy, on July 27, 2021, Plaintiff asked Ms. Marmor if she had tendered her itemized and proposed Bill of Costs to Plaintiff's former counsel, Ms. Sivonnia DeBarros. Plaintiff also renewed his request to speak with Ms. Marmor by telephone at her earliest convenience.

10. On July 27, 2021, Ms. Marmor stated, "As for a call, it really is not possible before Friday's deadline. I am tied up on other matters today and tomorrow and will be flying out of the country on Thursday." Ms. Marmor also stated she, "never got to that point," of preparing a Bill of Costs. Thus, Ms. Marmor had not tendered a Bill of Costs to Ms. Sivonnia DeBarros.

11. On July 27, 2021, as Ms. Marmor was unavailable by telephone, Plaintiff sent Ms. Marmor inquiries by e-mail so that Plaintiff could gather information to assist in the decision-making process of whether to file a Motion to Show Cause by today, Friday, July 30, 2021.

12. The July 27, 2021 inquiries to Ms. Marmor included those directed to confirm her clients' position–the position former Plaintiff's counsel, Ms. Sivonnia DeBarros, relayed to Plaintiff. Those inquiries addressed to Ms. Marmor by Plaintiff included topics of:

   a. Prior settlement offers (if any);

   b. Defendants' 11/27/17 letter confirming workplace harassment against Plaintiff;

   c. Defendants' 12/04/17 retaliatory termination letter (*erroneously* back-dated to 03/04/17;

    d.  Defendants' threat of Sanctions against former Plaintiff's counsel, Ms. DeBarros. Plaintiff sought information on:

        i.  If and when defendants threatened Ms. DeBarros;

        ii.  The basis for a threat of Sanctions by defendants against Ms. Sivonnia DeBarros; **and**

        iii.  Whether defense counsel had a Meet and Confer with Ms. Sivonnia DeBarros or if a Meet and Confer concerning sanctions was pending.

    e.  Professional Responsibility implications following the documented attorney misconduct by attorney(s) employed by defendant, as promulgated by the Illinois Supreme Court, Illinois Attorney Registration and Disciplinary Commission, the Federal Bar–Northern District of Illinois, and other oaths, rules, mandatory reporting requirements.

    f.  The heighted Professional Responsibility requirements on the standard of conduct for prosecutors (defendants) and special assistant state's attorneys (Ms. Marmor and her law firm as outside counsel for Cook County State's Attorney Kimberly Foxx).

    g.  The obviousness, proximity, and overwhelmingly strong clear and convincing evidence of defendant's wrongdoing (defendant's Human Resources investigation finding Plaintiff was subjected to harassment and defendant terminating Plaintiff 1-week later)

    h.  Defendant's position as of the withdrawal of Plaintiff's counsel. Specifically, Plaintiff asked if the terms of the Settlement had changed since Plaintiff's

attorney's cost and fees were no longer at issue based on Ms. Sivonnia DeBarros

untimely and precariously irresponsible withdrawal.

13. On July 28, 2021, Ms. Marmor responded, in relevant part:

"Those are questions for your former counsel, not my law firm...
we cannot and will not do your work for you."

14. The same day, on July 28, 2021, Plaintiff attempted to reiterate his good-faith and energy

into a productive conversation by stating, in relevant part:

"In good-faith, **as a second attempt**: Please re-review the inquires

and respond substantively, as the motion deadline is this Friday,

July 30, 2021. (emphasis added)

My hope is that you and I may have a more productive

conversation. For what it's worth, my former counsel, Ms.

DeBarros, stated–in much more direct terms–you were not pleasant

to communicate with throughout this matter. Perhaps the case is in

the posture it is in based on the personality conflicts between Ms.

DeBarros and you.

            *                    *                    *

I have reviewed your responses below. As the [C]ourt has allowed

an opportunity for a motion to be filed, I ask that we remain

focused on the settlement and leave the matters of the signature,

relevance, and foundation to the [C]ourt's discretion.

Please re-review the inquires and respond substantively. Thank

you."

15. Also, on the same day, July 28, 2021, Plaintiff sent former Plaintiff's counsel, Ms. Sivonnia DeBarros, an "Urgent" email for the instant July 30, 2021 motion. Ms. Sivonnia DeBarros has not responded although Plaintiff knows Ms. Sivonnia DeBarros to be available for response based on her membership and activity within a lawyers' group of which Plaintiff and Ms. Sivonnia DeBarros maintain active memberships. **Of note**: Ms. Sivonnia DeBarros tendered Plaintiff the purported Settlement along with her Motion to Withdraw as Plaintiff's Counsel on the same day and in the same email, in a contract of adhesion or take-it-or-leave-it manner. Thus, Plaintiff was without effective assistance of counsel during the Settlement phase of this case, exemplified by Plaintiff's counsel motion to withdraw, followed by her repeated oral requests to withdraw *instanter* during Settlement. Plaintiff advises this Court there was no significant breakdown in the attorney-client relationship that would cause Ms. DeBarros erratic and unusual withdrawal, especially during a critical time in the case–during Settlement. Plaintiff remains perplexed and extremely disappointed in Ms. DeBarros' decision to withdraw, especially if her withdrawal was based on the contingent financial recovery that this Honorable Court foreclosed in its Order on Defendant's Motion to Dismiss. (Dkts. 96 and 104) (emphasis added)

16. On July 30, 2021, Plaintiff requested in writing if defense counsel objects to an extension of time, in this instant Motion. Defense counsel, Ms. Marmor, has not responded. However, her auto responder indicates Ms. Marmor is in Ireland for a funeral and will be checking her e-mail regularly.

17. Plaintiff, in good-faith and for good causes, requires additional time to Show Cause.

18. LR 16.1.8 states, in relevant part, "no extensions of the Order and Conference dates will be granted without good cause..."

19. Plaintiff made many good-faith efforts to conduct due diligence in preparation to file a Motion to Show Cause. However, due to death in opposing counsel's family and unavailability of both opposing counsel and Plaintiff's former counsel–**both counsels with relevant information to supplement the Motion to Show Cause**–Plaintiff is unable to meet the short date of today's deadline as set last week by this Honorable Court. (emphasis added)

20. This Honorable Court has an interest in remedying any unconscionability based on "unequal bargaining power."

21. Plaintiff also notes to this Honorable Court defendants' Motion on July 23, 2021 was untimely and improperly noticed to Plaintiff.

22. Plaintiff request until August 20, 2021, to provide a status on the Motion to Show Cause. This date will allow Ms. Marmor to travel to and return from Ireland for the death of her loved one and time for Plaintiff to confer with Ms. Sivonnia DeBarros and Ms. Marmor, upon her return from bereavement leave.

WHEREFORE, the Plaintiff moves this Court to enter an order granting Plaintiff until August 20, 2021, to provide a status update to this Honorable Court on Plaintiff's Motion to Show Cause in the above-captioned matter.

In the alternative, Plaintiff moves to this Court to aid the parties with the purported Settlement and its purported validity where this Honorable Court has an interest in remedying any unconscionability based on "unequal bargaining power," which Plaintiff will further detail in

a Motion to Show Cause, if this Honorable Court will kindly grant Plaintiff's instant request for

extension.

Respectfully submitted,

Brandon Hudson
Interim *Pro se* (seeking counsel), Plaintiff


By: /s/ Brandon Hudson
    Brandon Hudson
    Interim *Pro se* (seeking counsel), Plaintiff



Brandon Hudson
1507 East 53rd Street
Chicago, Illinois 60615
BHudson205@gmail.com

**CERTIFICATE OF SERVICE**

I, Brandon Hudson, certify that on July 30, 2021, I caused to be filed the foregoing PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SHOW CAUSE using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Brandon Hudson

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

BRANDON HUDSON,                           )
                                          )
      Plaintiff,                         )
                                          )
    v.                                  )
                                          )
KIMBERLY M. FOXX, Cook County State       )
Attorney in her Official and              )
Individual Capacity; COOK COUNTY          )   Case No: 18-cv-08243
STATE ATTORNEY'S OFFICE; COOK             )
COUNTY, ILLINOIS; JENNIFER                )   Judge Andrea R. Wood
WALKER-COLEMAN, in her official           )
and individual capacity as Division Chief of )
Staff; JENNIFER BALLARD-CROFT, in her     )
official and individual capacity as       )
Chief of Staff; JOAN PERNECKE, in her     )
official and individual capacity as Division )
Chief; EMILY COLE, in her Official and    )
individual capacity as Supervisor; and    )
MARY JOLY STEIN, in her official and      )
individual capacity as Supervisor;        )
                                          )
      Defendants.                        )


## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE TO SHOW CAUSE

Plaintiff's motion to extend the deadline set by this Court to show cause why this case should not be dismissed presents a welter of irrelevant and uncivil commentary that does not support his motion at all, and fails to inform the Court that Defendants' counsel told him well before he filed his motion that they objected to any extension. At every turn since this Court granted Defendants' motions to dismiss, Plaintiff has looked for ways to delay the inevitable – from settlement conferences with the Court to complaints about his attorney and now to inappropriate attacks on Defendants' counsel. There is nothing in the present motion to justify delaying a ruling on the pending motion to either enforce the settlement agreement Mr. Hudson

signed or to declare this case over, with prejudice, based on the fact that Plaintiff did not comply with the deadline for filing an amended complaint as to the non-entity defendants. Plaintiff's conduct should not be rewarded, and his latest motion should be denied.

More specifically, Defendants Cook County State's Attorney's Office, Cook County, Illinois, and Kimberly M. Foxx, Jennifer Coleman, Jennifer Ballard-Croft, Joan Pernecke, Emily Cole, and Mary Joly Stein, in their official and individual capacities ("Defendants"), ask this Court to deny Plaintiff Brandon Hudson's latest attempt to prolong this case without any basis (Dkt. 112 ("Motion")) and dismiss this case with prejudice for the reasons stated in Defendants' Motion to Dismiss (Dkt. 110). In support of their opposition to Plaintiff's Motion, Defendants state as follows:

1.     On March 31, 2021, this Court dismissed the entity defendants in this case with prejudice. (Dkts. 95, 96). As to the individual defendants, the Court dismissed all claims without prejudice, and set a deadline for filing a second amended complaint. *Id.*

2.     Shortly thereafter, Mr. Hudson's counsel sought to withdraw from this case. (Dkt. 103).

3.     In the course of two ensuing settlement conferences with the Court, Mr. Hudson stated that he wanted to dismiss this case with prejudice in accordance with the terms in the Settlement Agreement. (Dkt. 110-1). Mr. Hudson signed the agreement on July 7, 2021. In the Agreement, Mr. Hudson agreed to file an attached stipulation of dismissal with prejudice (Dkt. 110-2). He never did.

4.     On July 22, 2021, Defendants filed their Motion to Dismiss asking the Court to enforce the settlement agreement or dismiss with prejudice based on Mr. Hudson's failure to heed

the Court's warning that this case will be dismissed with prejudice if he failed to file an amended complaint by April 14, 2021 – a date extended to April 21, 2021. (Dkts. 95, 98).

5.      On July 23, 2021, this Court held a status conference, which Mr. Hudson said initially he was not planning to attend and directed Defendants' counsel and the Court to "proceed with the Settlement [Defendants] filed." (Ex. A (7/23/21 Hudson Email to the Court). After the Court responded to Mr. Hudson telling him that his appearance was required, Mr. Hudson eventually appeared approximately fifteen minutes late.

6.      During the July 23, 2021 status conference, the Court found that the Settlement Agreement was "a valid and enforceable written agreement to settle this case and there appears to be no basis to set it aside." (Dkt. 111). The Court repeatedly asked Mr. Hudson whether he objected to enforcing the Agreement or if he had any basis to set it aside. Rather than provide a basis, Mr. Hudson simply reiterated that he was not used to representing himself and did not have an answer. He also advised that he had been contacting attorneys to assist him. The Court reminded Mr. Hudson that even individuals who are not themselves attorneys – like Mr. Hudson – are not entitled to counsel in civil matters.

7.      Because Mr. Hudson stated that he was awaiting a response from potential attorneys and the short notice for Defendants Motion to Dismiss, the Court *sua sponte* allowed Mr. Hudson seven days to show cause under Illinois contract law why the Settlement Agreement would not be enforceable. (Dkt. 111). He failed to do so and instead sought a three-week extension not to show cause, but merely to provide a status update. (Dkt. 112).

8.      Rather than preparing his motion to show cause or reviewing the case file himself, Mr. Hudson began bombarding Defendants' counsel with a series of emails attempting to reopen negotiations by asking whether Defendants' counsel considered its professional responsibility

obligations, asking wholly irrelevant questions, misstating the facts and posture of this case, and disparaging Defendants' counsel's demeanor. (Email chains attached as Exs. B-C). Defendants informed Mr. Hudson that they would not agree to any further settlement conferences, negotiations were closed, his questions are unrelated to whether the settlement is enforceable, they are not responsible for re-capping the positions taken in this case or doing his work for him, and again asked him to fulfill his obligation to file the stipulation of dismissal with prejudice. (*Id.*). Mr. Hudson never responded with an attempt to explain the relevance of his questions.

9.      The present Motion selectively quotes these emails to shift the blame for his failure to show cause and to extend the deadline to allow Defendants and his former counsel time to respond to inquiries. (Dkt. 112 at ¶ 19). However, Mr. Hudson provides no basis for needing any response to these emails or explanation for how these answers might relate to whether the Agreement is enforceable – he does not even bother to cite a single case. Indeed, as Defendants made clear in their emails, they are not required to answer his questions and it was his obligation to substantiate his claims.

10.     Mr. Hudson also falsely states that Defendants did not respond to his email asking whether they would agree to an extension. Defendants counsel promptly responded stating that they "object to extending today's deadline." (Ex. D).

11.     The Motion appears to indicate that Mr. Hudson will attempt to show that the Agreement is "unconscionable" based on "unequal bargaining power." (Dkt. 112 at ¶ 20). Mr. Hudson provides no explanation or facts showing how either of these might apply to the Agreement at hand or why additional time is necessary, and Defendants have been unable to find any case supporting such an exception here. Indeed, the case law shows both positions are untenable. *See Bank of Am., N.A. v. 108 N. State Retail LLC*, 401 Ill. App. 3d 158, 174 (1st Dist.

Ill. 2010) (no defense to letter agreement can be "predicated on an allegation that consent to an agreement was obtained through hard bargaining positions or financial pressures."); *Gavery v. Altheimer & Gray*, 1996 U.S. Dist. LEXIS 13240, *8 (N.D. Ill. 1996) (same and stating that a "[p]laintiff must demonstrate inducement by a wrongful act or threat of another 'under the circumstances depriving him of the exercise of free will.' The mere fact that plaintiff may not have received everything he wanted does not invalidate the release."); *In re Marriage of Bielawski*, 328 Ill. App. 3d 243, (1st Dist. Ill. 2002) ("Unconscionability encompasses an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. The fact that an agreement merely favors one party over another does not make it unconscionable. To rise to the level of being unconscionable, the settlement must be improvident, totally one-sided or oppressive. A court should not set aside a settlement agreement merely because one party has second thoughts.") (internal quotations omitted).

12. Mr. Hudson also provides no reason why his former counsel's failure to respond to his last-minute email, should permit further prejudicing Defendants by delaying this case any longer.

13. Because Mr. Hudson has not provided any legal basis to invalidate the Settlement Agreement, again failed to comply with this Court's orders, and does not explain how any additional time is necessary, this Court should deny the Motion and dismiss this case with prejudice.

WHEREFORE, Defendants request that this Court deny Plaintiff's Motion and dismiss this case with prejudice either by enforcing the signed Settlement Agreement or its March 31, 2021 Order.

Respectfully submitted,

/s/ *Sarah R. Marmor*
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Telephone: 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Sarah Marmor, certify that on August 5, 2021, I caused to be filed the foregoing using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Sarah Marmor_____

| | |
|---|---|
| **From:** | David Lynn |
| **To:** | Brandon Hudson; Morgan Churma; Sarah Marmor; Suzanne Alexander |
| **Subject:** | RE: Judge Wood call-in information |
| **Date:** | Friday, July 23, 2021 9:47:40 AM |

Mr. Hudson,

You should appear this morning pro se if you have not retained counsel. Please use the call in information below.

Regards,

David Lynn

Courtroom Deputy to the Honorable Andrea R. Wood

U.S. District Court for the Northern District of Illinois

219 S. Dearborn Street

Chicago, IL 60604

(312) 702-8874

***Your opinion is important to us* click HERE to take our customer service survey**

---

**From:** Brandon Hudson <bhudson205@gmail.com>

**Sent:** Friday, July 23, 2021 9:34 AM

**To:** Morgan Churma <Mchurma@scharfbanks.com>; Sarah Marmor <smarmor@scharfbanks.com>; salexander@scharfbanks.com

**Cc:** Andrew D. Finke <adf@blainevanzant.com>; Brian.Kerwin@usdoj.gov; Cooke John (USAILN) <john.cooke@usdoj.gov>; David Lynn <David_Lynn@ilnd.uscourts.gov>; Erskine, Andrew (USAILN) <Andrew.Erskine@usdoj.gov>; Mitchell, John (USAILN) <John.Mitchell@usdoj.gov>; Vandenberg, Cornelius (USAILN) <Cornelius.Vandenberg@usdoj.gov>; damon_cheronislaw.com <damon@cheronislaw.com>; grayson.walker@usdoj.gov; hnb_blainevanzant.com <hnb@blainevanzant.com>; jgv_blainevanzant.com <jgv@blainevanzant.com>; mkusatzky_sbcglobal.net <mkusatzky@sbcglobal.net>; ramonmoore@ramonmoorelaw.com; ryan@cheronislaw.com

**Subject:** Re: Judge Wood call-in information

**CAUTION - EXTERNAL:**

Good morning, Counsel:

Please ask the Court to waive my appearance, as I was not able to retain substitute counsel to appear for me today in 18-cv-08243.

If you are not in Agreement to have the Court appoint an attorney to represent me through the Settlement Assistance Program, proceed with the Settlement you filed and pleaded provide me with

EXHIBIT
A

a status update.

Additional time to have counsel review the Terms would be appreciated; however, if your client is not in agreement, proceed as you must. Have a great weekend.

Brandon


On Fri, Jul 23, 2021 at 8:13 AM David Lynn <David_Lynn@ilnd.uscourts.gov> wrote:

> Good morning,
>
> Please see the below call-in information for today's call, as well as the attached call sheet. To join the conference, please use the instructions below or by calling the conference line at the bottom of this message. Please keep your phone on mute until directed or your case is called.
>
> The hyperlink below will direct you to the ATT conference monitor website. From there, join the conference as a guest, enter your name,  and complete the CAPATCHA.  On the next screen, please press the "Call me" button and enter your phone number. You will receive a call and be connected to the conference line.
>
> While participants will have the ability to identify who is speaking, speakers should still identify themselves for the purpose of creating a clear record. Participants should be careful to speak clearly and not to speak over any other participants. If you do not have access to a computer, please access the conference by using the public call in information.
>
> Click here to join the conference: https://teleconference.uc.att.com/ecm/?bp=2154463649&mac=3547847
>
> Dial: 888-557-8511, access code: 3547847#.
>
> Regards,
>
>
> David Lynn
> Courtroom Deputy to the Honorable Andrea R. Wood
> U.S. District Court for the Northern District of Illinois
> 219 S. Dearborn Street
> Chicago, IL 60604
> (312) 702-8874
>
> ***Your opinion is important to us* click HERE to take our customer service survey**

David Lynn

Courtroom Deputy to the Honorable Andrea R. Wood

U.S. District Court for the Northern District of Illinois

219 S. Dearborn Street

Chicago, IL 60604

(312) 702-8874

**Your opinion is important to us** click HERE to take our customer service survey

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

********************************************************

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| From: | Morgan Churma |
|---|---|
| To: | Brandon Hudson |
| Cc: | Sarah Marmor |
| Subject: | RE: 18 cv 08243 |
| Date: | Monday, July 26, 2021 3:56:00 PM |

Mr. Hudson,

You were present during the settlement conferences with the Court and those conferences explicitly were discussed last Friday – regardless of whether the docket reflects them as being "official settlement conferences."  Your request to re-open settlement discussions after you already executed a settlement agreement in which you promised to dismiss this case with prejudice is pointless.  There is no legitimate basis not to enforce the settlement, and your lawyer's decision to withdraw from representing you in this case has no bearing on your decision to sign that document – especially as you are an attorney yourself.  Our clients do not agree to any further settlement conferences and Judge Wood's order regarding the upcoming deadline speaks for itself.

Also, please copy Ms. Marmor on emails about this case as she is lead counsel.

Regards,

Morgan G. Churma
Direct 312-897-1483 | Mobile 707-292-3303
Mchurma@scharfbanks.com
The contents of this message may be privileged and confidential.  If this message was received in error, please delete without reading.  Receipt of this message is not intended to waive any applicable privilege.

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Monday, July 26, 2021 3:12 PM
**To:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Mr. Churma:

Please advise of the date when your client participated in an official Settlement Conference on this case. The docket also does not display any official Settlement Conference.

The terms "such conference" and "multiple such conferences," are not the same as an official Settlement Conference under the Federal Rules.

Judge Woods wants to ensure fairness and transparency in the Settlement Agreement.

Given the untimely, precarious, and questionable withdrawal of my prior counsel near the end of the case, an official Settlement Conference will protect all interests of all parties and participants.

If your client requires a Motion to Show Cause by Plaintiff to be filed as a method of making a record



EXHIBIT

B

of this reasonable request, please advise.

Brandon


On Mon, Jul 26, 2021 at 2:26 PM Morgan Churma <Mchurma@scharfbanks.com> wrote:

> Mr. Hudson,
>
>
> Our clients will not agree to an additional settlement conference as we already have an executed
> settlement agreement and have participated in multiple such conferences with the Court.  Judge
> Wood was very clear on Friday that the only reason for keeping this case open was to allow you
> time to show cause in writing as to why the settlement should not be enforced.  It remains
> entirely unclear to us why you still have not filed dismissal papers.  We ask that you fulfill your
> obligation under the agreement and dismiss this case with prejudice without further delay by
> filing the stipulation of dismissal we provided.
>
> Regards,
>
> Morgan G. Churma
> Direct 312-897-1483 | Mobile 707-292-3303
> Mchurma@scharfbanks.com
> The contents of this message may be privileged and confidential.  If this message was received in error, please delete
> without reading.  Receipt of this message is not intended to waive any applicable privilege.

> **From:** Brandon Hudson <bhudson205@gmail.com>
> **Sent:** Monday, July 26, 2021 1:22 PM
> **To:** Morgan Churma <Mchurma@scharfbanks.com>
> **Subject:** 18 cv 08243
>
> Mr. Churma:
>
> Please advise if your client is amenable to an official Settlement Conference, so the Hon. Judge
> Wood may participate.
>
> Please note consideration of filing a motion for official conference is under review. Thank you.
>
> Sincerely,
>
> Brandon
> --
> Brandon
> --
> Brandon Hudson, Esq.

Direct dial: (630) 697-9306

**********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.
**********************************************************

--

Brandon

--

Brandon Hudson, Esq.
Direct dial: (630) 697-9306

**********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.
**********************************************************

| | |
|---|---|
| **From:** | Brandon Hudson |
| **To:** | Morgan Churma; Sarah Marmor |
| **Subject:** | Re: 18 cv 08243 |
| **Date:** | Wednesday, July 28, 2021 1:21:42 PM |

Ms. Marmor:

In good-faith, as a second attempt:

Please re-review the inquiries and respond substantively, as the motion deadline is this Friday, July 30, 2021.

My hope is that you and I may have a more productive conversation. For what it's worth, my former counsel, Ms. DeBarros, stated—in much more direct terms—you were not pleasant to communicate with throughout this matter. Perhaps the case is in the posture based on the personality conflicts between Ms. DeBarros and you.

Given the documents in this case generated by your client and attached, I am surprised there was not an offer to settle much sooner.

I have reviewed your responses below. As the court has allowed an opportunity for a motion to be filed, I ask that we remain focused on settlement and leave the matters of the signature, relevance, and foundation to the court's discretion.

Please re-review the inquiries and respond substantively. Thank you.

Brandon

On Wed, Jul 28, 2021 at 9:21 AM Sarah Marmor <smarmor@scharfbanks.com> wrote:

> Mr. Hudson –
>
>
> These are questions for your former counsel, not my law firm. The negotiations are over. You signed a settlement agreement and failed to live up to your side of the bargain. You can either do so now or try to convince the court not to grant our motion on Friday; we cannot and will not do your work for you. I am not going to engage with you further on these questions as they are unfounded and irrelevant at this point.
>
>
> Best,
>
>
> Sarah Marmor

**EXHIBIT**

**C**

**Sarah R. Marmor**

Scharf Banks Marmor LLC

333 West Wacker Drive, Suite 450

Chicago, IL 60606

Direct: 312-662-6197

Cell: 773-320-1410

smarmor@scharfbanks.com

---

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Wednesday, July 28, 2021 12:00 AM
**To:** Sarah Marmor <smarmor@scharfbanks.com>
**Cc:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Ms. Marmor:

Thank you for your kind words and acknowledgment, as well.

Please provide a brief recap of your clients' positions since the filing of this case, as the communication between my former counsel and I deteriorated during the pendency of her representation.

Specifically, has your client(s)—at any time before April 2021—sought to settle this matter or made any offers to make Plaintiff whole and/or provide financial compensation based on:

(1) the letter issued by your client's Human Resources (HR) Department (on 11/27/2017) showing Plaintiff was subject to workplace harassment; (attached)

(2) the termination letter your client issued to Plaintiff (on 12/4/2017), termination effective immediately on 12/4/2017*; (attached) and

*(the March 4, 2018 date in the HR letter is incorrect)

(3) the fact and/or acknowledgement that the HR letter finding Plaintiff was subjected to harassment at your client's place of business and the termination occurred just 7-days after the issue date of the HR letter, noting the HR letter included an anti-retaliation clause?

Has your client(s) ever made an offer to financially compensate Plaintiff for lost wages from the seemingly retaliatory termination? (dated a week after the HR determination)

Please advise if and when your law firm and/or client(s) mentioned or threatened sanctions against my former attorney, Ms. DeBarros?

What was or what is the basis for the mentioning or threatening of sanctions? Did you have a meet and confer with my former counsel, Ms. DeBarros? If so, when? If not, was a meet and confer pending?

Has your law firm and your clients' considered the professional responsibility implications that arise from the defendant's documented attorney misconduct?

While the federal case has currently been dismissed, is your firm or your clients' concerned about the professional responsibility oath, rules, or mandatory reporting requirements? The heightened standard of conduct for prosecutor's and special assistant state's attorneys?

While the federal court, at this time, does not have enough in the pleadings to advance the case on discrimination, defendant's committed an obvious wrongdoing just 7-days after the HR finding issued.

The 7-day proximity in time from the HR report to the termination provides a strong inference of retaliatory termination and does not show good faith by your client.

Now, that Plaintiff is Pro Se, has your client reconsidered financial compensation for Plaintiff?

I would like to have a conversation with you before Friday's upcoming deadline.

Please advise.

Brandon

On Tue, Jul 27, 2021 at 3:14 PM Sarah Marmor <smarmor@scharfbanks.com> wrote:

Mr. Hudson –

Thank you for your kind words, and I am sorry for your losses as well.

As for the costs of this litigation, there was no itemized list prepared as we never got to that point. If the Court grants our motion to dismiss with prejudice, we have the right to seek our client's costs and fees, which are considerable and in the tens of thousands of dollars at a conservative guess, but would only do so after the dismissal. If, on the other hand, you file the stipulation of dismissal with prejudice per the terms of the settlement agreement you signed, the defendants will refrain from pursuing the costs and fees. The choice is yours.

As for a call, it really is not possible before Friday's deadline. I am tied up on other matters today and tomorrow and will be flying out of the country on Thursday.

Best,

Sarah Marmor



**Sarah R. Marmor**

Scharf Banks Marmor LLC

333 West Wacker Drive, Suite 450

Chicago, IL 60606

Direct: 312-662-6197

Cell: 773-320-1410

smarmor@scharfbanks.com

---

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Tuesday, July 27, 2021 3:06 PM
**To:** Sarah Marmor <smarmor@scharfbanks.com>
**Cc:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Ms. Marmor:

You have my sincere condolences on your loss.

As an expression of empathy, I lost four (4) family members since the beginning of the COVID-19 pandemic.

Please let me know if you have prepared and tendered the itemized costs you discussed with my prior counsel, Ms. DeBarros. If you have an itemized cost, please forward the

documentation to me.

I prefer a phone call at your earliest convenience. However, if that is not possible I will communicate with you via email as your requested preference.

Brandon

On Tue, Jul 27, 2021 at 10:56 AM Sarah Marmor <smarmor@scharfbanks.com> wrote:

Mr. Hudson –

I do not have time for a call with you.  I have suffered a death in my household and am tied up on other matters as I prepare to leave the country for a funeral, and tomorrow will be my last day in the office for a week.

If you wish to communicate about this case, it would be best to do so via email.

Best,

Sarah Marmor



**Sarah R. Marmor**

Scharf Banks Marmor LLC

333 West Wacker Drive, Suite 450

Chicago, IL 60606

Direct: 312-662-6197

Cell: 773-320-1410

smarmor@scharfbanks.com

---

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Tuesday, July 27, 2021 9:14 AM
**To:** Sarah Marmor <smarmor@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Ms. Marmor:

Please advise if you are available for a telephone conference today. Thank you.

Brandon

On Mon, Jul 26, 2021 at 3:57 PM Morgan Churma <Mchurma@scharfbanks.com>
wrote:

> Mr. Hudson,
>
> You were present during the settlement conferences with the Court and those
> conferences explicitly were discussed last Friday – regardless of whether the docket
> reflects them as being "official settlement conferences." Your request to re-open
> settlement discussions after you already executed a settlement agreement in which
> you promised to dismiss this case with prejudice is pointless. There is no legitimate
> basis not to enforce the settlement, and your lawyer's decision to withdraw from
> representing you in this case has no bearing on your decision to sign that document –
> especially as you are an attorney yourself. Our clients do not agree to any further
> settlement conferences and Judge Wood's order regarding the upcoming deadline
> speaks for itself.

Also, please copy Ms. Marmor on emails about this case as she is lead counsel.

Regards,

Morgan G. Churma

Direct 312-897-1483 | Mobile 707-292-3303

Mchurma@scharfbanks.com

The contents of this message may be privileged and confidential. If this message was received in error, please delete without reading. Receipt of this message is not intended to waive any applicable privilege.

---

**From:** Brandon Hudson <bhudson205@gmail.com>
**Sent:** Monday, July 26, 2021 3:12 PM
**To:** Morgan Churma <Mchurma@scharfbanks.com>
**Subject:** Re: 18 cv 08243

Mr. Churma:

Please advise of the date when your client participated in an official Settlement Conference on this case. The docket also does not display any official Settlement Conference.

The terms "such conference" and "multiple such conferences," are not the same as an official Settlement Conference under the Federal Rules.

Judge Woods wants to ensure fairness and transparency in the Settlement Agreement.

Given the untimely, precarious, and questionable withdrawal of my prior counsel near the end of the case, an official Settlement Conference will protect all interests of all parties and participants.

If your client requires a Motion to Show Cause by Plaintiff to be filed as a method of making a record of this reasonable request, please advise.


Brandon



On Mon, Jul 26, 2021 at 2:26 PM Morgan Churma <Mchurma@scharfbanks.com> wrote:

> Mr. Hudson,
>
>
> Our clients will not agree to an additional settlement conference as we already have an executed settlement agreement and have participated in multiple such conferences with the Court. Judge Wood was very clear on Friday that the only reason for keeping this case open was to allow you time to show cause in writing as to why the settlement should not be enforced. It remains entirely unclear to us why you still have not filed dismissal papers. We ask that you fulfill your obligation under the agreement and dismiss this case with prejudice without further delay by filing the stipulation of dismissal we provided.
>
>
> Regards,
>
>
> Morgan G. Churma
>
> Direct 312-897-1483 | Mobile 707-292-3303
>
> Mchurma@scharfbanks.com
>
> The contents of this message may be privileged and confidential. If this message was received in error, please delete without reading. Receipt of this message is not intended to waive any applicable privilege.
>
> _____
>
> **From:** Brandon Hudson <bhudson205@gmail.com>
> **Sent:** Monday, July 26, 2021 1:22 PM
> **To:** Morgan Churma <Mchurma@scharfbanks.com>
> **Subject:** 18 cv 08243
>
>
> Mr. Churma:

Please advise if your client is amenable to an official Settlement Conference, so the Hon. Judge Wood may participate.

Please note consideration of filing a motion for official conference is under review. Thank you.

Sincerely,

Brandon

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*********************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*********************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*********************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*********************************************************

--

Brandon

--

Brandon Hudson, Esq.

Direct dial: (630) 697-9306

*********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.

*********************************************************

--
Brandon
--
Brandon Hudson, Esq.
Direct dial: (630) 697-9306

*********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.
*********************************************************

| | |
|---|---|
| **From:** | Morgan Churma |
| **To:** | Brandon Hudson |
| **Cc:** | Sarah Marmor |
| **Subject:** | Hudson v. Foxx |
| **Date:** | Friday, July 30, 2021 12:32:00 PM |
| **Attachments:** | image001.png |

Mr. Hudson,

I understand that you have asked Ms. Marmor whether Defendants will agree to an extension to today's deadline.  As you are aware, Ms. Marmor is out of the country for the funeral of a member of her household.  Defendants object to extending today's deadline.

**MORGAN G. CHURMA**



333 West Wacker Drive, Suite 450
Chicago, IL 60606 |  312-726-6000
Direct 312-897-1483 | Mobile 707-292-3303| Mchurma@scharfbanks.com
vCard | WWW.SCHARFBANKS.COM

The contents of this message may be privileged and confidential.  If this message was received in error, please delete without reading.  Receipt of this message is not intended to waive any applicable privilege.

**EXHIBIT**

D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 18-cv-08243 |
| | ) | |
| | ) | Honorable Andrea R. Wood |
| KIMBERLY M. FOXX, Cook County | ) | |
| State Attorney in her Official and | ) | |
| Individual Capacity; COOK COUNTY | ) | |
| STATE ATTORNEY'S OFFICE; | ) | |
| COOK COUNTY, ILLINOIS; | ) | |
| JENNIFER WALKER-COLEMAN, in | ) | |
| her official and individual capacity as | ) | |
| Division Chief of Staff; JENNIFER | ) | |
| BALLARD-CROFT, in her official and | ) | |
| individual capacity as Chief of Staff; | ) | |
| JOAN PERNECKE, in her official and | ) | |
| individual capacity as Division Chief; | ) | |
| EMILY COLE, in her Official and | ) | |
| individual capacity as Supervisor; and | ) | |
| MARY JOLY STEIN, in her official | ) | |
| and individual capacity as Supervisor | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SHOW CAUSE**

Plaintiff Brandon Hudson ("Hudson"), *Pro se*, moves this Court pursuant to Local Rules of the United States District Court Northern District of Illinois 78.3 (LR 78.3 "Motions..."), in Reply to "Defendant's Opposition to Plaintiff's Motion to Extend Deadline to Show Cause." (Dkts. 113, 113-1, 113-2, 113-3, 113-4). In support of Plaintiff's Reply, Plaintiff states as follows:

1.      Plaintiff agrees, in part, with Defendants' counsel–if this Honorable Court grants Plaintiff's Extension of Time to Show Cause, Plaintiff will show: (1) inequity of the bargaining powers; (2) unconscionability; (3) duress; (4) undue influence, (5) coercion, and other defects. (*See e.g.* Dkt. 113, ¶11). As a good-faith showing to this Honorable Court, Plaintiff attaches an e-mail showing Defendants' counsel threatened Plaintiff's former counsel during Settlement discussions, which led Plaintiff's former counsel to send her motion to withdraw and the purported settlement in the same correspondence to Plaintiff, in a contract of adhesion manner. Ex. A (**e-mail Showing Threats of Sanctions and Attorneys' Fees with no Meet and Confer**) (emphasis added) As the parties and this Honorable Court witnessed, Plaintiff's former counsel's withdrawal was sudden, precarious, and unusual.

2.      As it relates to Defendants' Response as a whole, Plaintiff respectfully requests and urges this Court to disregard Defendants' provocative and inflammatory language within Defendants' Response. (Dkt. 113). Specifically, Plaintiff objects the any assertions or characterizations of Defendants' accusing Plaintiff of "delay[ing] the inevitable," engaging in "inappropriate attacks," and to any notion that Plaintiff's Motion for Extension of Time to Show Cause is without merit–especially viewing the contradiction between the oral representations Plaintiff's former counsel made before this Honorable Court (stating Defendants' counsel, Ms. Sarah Marmor and/or her law firm, made no threats and no undue influences were used during the Settlement discussion) and written contradiction confirmed by Plaintiff's former counsel, Ms. DeBarros' email. (Ex. A)

3.      This Honorable Court allowed Plaintiff seven (7) days to file a motion after Defendants' improperly noticed its Motion to Dismiss (Dkt. 110); thus, Defendants' assertion that Plaintiff knew that Defendants' objected "well before" Plaintiff filed his motion for

extension is disingenuous and utterly without merit. (*See* Dkt. 113) Specifically, on July 30, 2021 Plaintiff wrote to Defendants' counsel, Ms. Sarah Marmor ("Marmor"), via email requesting an extension of time (**NOTE**: Mr. Morgan Chumra ("Chumra"), Marmor's assistant attorney, instructed Plaintiff to send all correspondence to Marmor as she is lead counsel). However, when Plaintiff emailed Marmor, her automatic email reply stated,

> "I am out of the office and out of the country in Ireland for a funeral...
> [returning] Wednesday, August 4[], 2021..."

4.   To Plaintiff's surprise, Chumra had responded to Plaintiff's email addressed to Marmor, although Chumra instructed Plaintiff to communicate with Marmor as the lead counsel. From Chumra's email response hours later, Plaintiff reasoned Marmor saw Plaintiff's request for extension, initially ignored the request, and later assigned to assistant attorney Chumra to respond. Plaintiff should not be penalized or held accountable for Defendants' counsels' internal business protocols and response times for email and autoreplies. Further, an extension of time is requested with merit and within the best interest of all parties as lead counsel was out of the country for a personal family matter. Moreover, Plaintiff is employed, ranked #1 in his attorney group for tracked performance metrics, and without counsel in this instant matter; thus, Plaintiff should not be expected to monitor email responses from multiple counsels after receiving an autoreply and comply with this Honorable Court's narrow seven (7) day deadline, during Plaintiff's workday.

5.   While Plaintiff understands and is aligned with this Honorable Court's disposition to have finality to this case, Plaintiff requests this Honorable Court and defendants' counsel to focus on Illinois contract principles, equity, and fairness in dealings. Threats by counsel throughout a pending federal civil rights employment discrimination cases are not proper or civil. In this case, Defendants' counsel did not have a Meet and Confer about the possible issue

with Plaintiff's former counsel and the record clearly shows Plaintiff was terminated just one (1) week after defendants' Human Resources Department issued a written finding that Plaintiff was subject to workplace harassment. Plaintiff requests this Court and Defendants' counsel to distinguish the difference between prevailing on a motion to dismiss and remedying a documented wrong conducted by members of the Illinois Bar onto another member of the Illinois Bar.

6. Plaintiff, as his former counsel was threatened with Sanctions and attorneys' fees, has the ability to inquire of Marmor. Thus, this Honorable Court show give no weight to Marmor's statement that Plaintiff's inquiries were irrelevant as related to this case or the Rules of Professional Conduct promulgated by the Illinois Bar. As this Honorable Court noted, everyone in this case is an attorney. Therefore, ethics, civility, candor, transparency, and equity should be a priority for all parties.

7. If Plaintiff cannot discuss the case with Marmor due to her unavailability or unwillingness to speak to Plaintiff or Plaintiff is not allowed to retain counsel for Settlement discussions (without the use of threat or force), Plaintiff will be prejudiced in this case. As this Honorable Court is aware, Plaintiff himself suggested many of the bare minimum requirements of the Settlement, even when he had Ms. DeBarros as counsel. There is clear evidence of use of threat by Defendants' counsel and a strong indicia of unequal bargaining power, given Marmor's mid-to-large law firm against Plaintiff.

8. Moreover, defendants' have been acting in bad-faith, employing force, and use of threats before this case appeared before this Honorable Court. Specifically, defendants', after terminated Plaintiff in retaliation: (1) petitioned to the Illinois Department of Unemployment Insurance (IDES) to have Plaintiff's unemployment benefits denied for malicious accusation of

"misconduct," forcing Plaintiff to litigate at IDES; (2) failed to act in good-faith after the Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Right-to-Sue; and (3) failed to conduct themselves civilly through counsel by making threats throughout this case. While this Honorable Court has determined Plaintiff's Complaint(s) do not meet the federal standard for discrimination based on race and sex, it should be undisputed that retaliation in response to a founded Human Resources complaint identifying Plaintiff as the victim has no place in the legal profession. If Defendants' seek to remedy the wrong, they must come to the bargaining table with clean hands and reasonable minds–threats have no place in a civil federal justice system.

9. There is no prejudice to defendants' or their counsel in granting an extension to ensure accuracy and fairness in the Settlement. Moreover, defendants' do not articulate a basis for prejudice in their Response.

WHEREFORE, Plaintiff requests this Honorable Court grant Plaintiff's Motion to Extend Time to Show Cause.

Alternatively, Plaintiff requests this Honorable Court to participate in a Settlement Conference between the parties to ensure equity, fairness, and the lack of threats used to procure the current purported Agreement. Plaintiff moves to this Court to aid the parties with the purported Settlement and its purported validity where this Honorable Court has an interest in remedying any unconscionability based on "unequal bargaining power," and use of threats in Ex. A. (attached)

Respectfully submitted,

Brandon Hudson
Interim *Pro se* (seeking counsel), Plaintiff

By: /s/ Brandon Hudson       .
Brandon Hudson
Interim *Pro se* (seeking counsel), Plaintiff

Brandon Hudson
1507 East 53rd Street
Chicago, Illinois 60615
BHudson205@gmail.com

**CERTIFICATE OF SERVICE**

I, Brandon Hudson, certify that on August 11, 2021, I caused to be filed the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE TO SHOW CAUSE using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Brandon Hudson



| EXHIBIT A |
|---|

**Brandon Hudson <bhudson205@gmail.com>**

---

## Settlement Letter & Dismissal

**Sivonnia DeBarros** <sdebarros@sldebarros.com>                    Thu, May 6, 2021 at 12:43 PM
To: Brandon Hudson <bhudson205@gmail.com>

See attached for Stipulation and Settlement Letter for this matter. Also attached is a Client Correspondence.

--
Sincerely,

*Sivonnia DeBarros*
Attorney at Law



**720 S Eastwood Drive, #298**
**Woodstock, IL 60098**
**708.234.7298 x100**  | Phone
**708.843.5846**   | Fax
**www.sldebarros.com**| website



Secure a Copy of my new book? What Are You Sporting About?

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify The SL DeBarros Law Firm, LLC immediately by return e-mail and delete the original message and any copies of it from your computer system.  Furthermore, replying to a message as a result of an attorney advertised posting does not create an attorney-client relationship and thus, does not bar the attorney of SL DeBarros Law Firm, LLC from representing someone adverse to you in a subsequent matter.

---

**3 attachments**

📄 **2021-05-06 Letter Agreement to Dismiss with Prejudice.pdf**
   38K

 **2021-05-06 Stipulation of Dismissal with Prejudice.docx**
17K

 **2021-05-06 Correspondence to Client.pdf**
153K



**SCHARF BANKS MARMOR** LLC

333 West Wacker Drive, Suite 450
Chicago IL 60606 • (312) 726-6000
www.scharfbanks.com

Reply directly to:
Sarah R. Marmor
312-726-6000
smarmor@scharfbanks.com

May 4, 2021

*Via Email*

Sivonnia DeBarros
SL DeBarros Law Firm, LLC
720 S. Eastwood Dr., 298
708-234-7298
sdebarros@sldebarros.com

Re: *Hudson v. Foxx, et. al*, No. 18-cv-8243 – **Agreement to Dismiss with Prejudice**

Dear Ms. DeBarros:

This letter confirms the agreement between Plaintiff Brandon Hudson and Defendant Cook County State's Attorney's Office ("CCSAO") by which Plaintiff will dismiss his claims against all Defendants based on the facts alleged in the above-referenced lawsuit with prejudice. As consideration for this agreement, the CCSAO will not seek prevailing party attorney fees in this matter. The CCSAO also agrees that it will provide a neutral reference in response to inquiries from prospective employers for Mr. Hudson. Specifically, the CCSAO will confirm that Mr. Hudson was employed as an Assistant State's Attorney and the dates of his employment. Nothing in this agreement shall limit the ability of the CCSAO to comply with laws or court orders requiring the disclosure or production of documents.

In return, Mr. Hudson agrees to dismiss the above-referenced lawsuit with prejudice and waive any and all appellate rights he may have with regard to the lawsuit and the Court's rulings.

Very truly yours,

Sarah R. Marmor

S. DeBarros
May 4, 2021
Page 2


ACCEPTED AND AGREED as of May __, 2020.

Brandon Hudson


By: _____


Printed name: _____


Encl.: Stipulation of Dismissal with Prejudice

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON HUDSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| KIMBERLY M. FOXX, Cook County State | ) | |
| Attorney in her Official and | ) | |
| Individual Capacity; COOK COUNTY | ) | Case No: 18-cv-08243 |
| STATE ATTORNEY'S OFFICE; COOK | ) | |
| COUNTY, ILLINOIS; JENNIFER | ) | Judge Andrea R. Wood |
| WALKER-COLEMAN, in her official | ) | |
| and individual capacity as Division Chief of | ) | |
| Staff; JENNIFER BALLARD-CROFT, in her | ) | |
| official and individual capacity as | ) | |
| Chief of Staff; JOAN PERNECKE, in her | ) | |
| official and individual capacity as Division | ) | |
| Chief; EMILY COLE, in her Official and | ) | |
| individual capacity as Supervisor; and | ) | |
| MARY JOLY STEIN, in her official and | ) | |
| individual capacity as Supervisor; | ) | |
| | ) | |
|     Defendants. | ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Brandon Hudson, and Defendants Cook County State's Attorney's Office, Cook County, Illinois, and Kimberly M. Foxx, Jennifer Coleman, Jennifer Ballard-Croft, Joan Pernecke, Emily Cole, and Mary Joly Stein, in their official and individual capacities, stipulate to the dismissal of this case with prejudice. Plaintiff and Defendants agree as follows:

1. This lawsuit shall be dismissed with prejudice and without leave to reinstate;

2. Each party shall bear their own attorney fees, costs, and expenses; and

3. Each party waives any appellate rights that they may have as a result of this Court's prior rulings.

Respectfully submitted,

/s/ *Sivonnia DeBarros*
Sivonnia DeBarros
SL DeBarros Law Firm, LLC
720 S. Eastwood Dr., 298
708-234-7298
sdebarros@sldebarros.com

*Attorney for Plaintiff*

/s/ Sarah Marmor
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Telephone: 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com

*Attorneys for Defendants*



**"LEGAL INNOVATION YOU CAN TRUST"**

720 S Eastwood Dr, 298, Woodstock, IL 60098
708.234.7298 | 708.843.5846 (F)
sdebarros@sldebarros.com

May 6, 2021

Sent by Electronic Mail

Brandon Hudson
bhudson205@gmail.com

    **Re:**   *Hudson vs. Foxx, et. al. and Counsel's Motion to Withdraw.*

Dear Mr. Hudson:

As you know I filed a Motion to Withdraw from this matter and it is currently pending a ruling along with the Motion to Voluntarily Dismiss and Opposing Counsel's Request for Fees on May 25, 2021 at 12:30pm.

Given my pending Motion to Withdraw and that there is a difference of opinion on how to handle this matter, I do not feel comfortable making any further communications with the other side regarding the merits of this case considering that they are selling attorney's fees and potentially - sanctions. EMPHASIS ADDED BY PLAINTIFF FOR EX A-3.

Therefore, I'll be filing a motion to advance my withdrawal in this case and that will give you an opportunity to proceed as you see fit.

If you have any questions, please feel free to contact my office at 708.234.7298.

Sincerely,

*DeBarros signature*

DeBarros
Attorney at Law

 **Gmail**

**Brandon Hudson <bhudson205@gmail.com>**

---

## Settlement Letter & Dismissal

---

**Brandon Hudson** <bhudson205@gmail.com>                                    Thu, May 6, 2021 at 1:09 PM
To: Sivonnia DeBarros <sdebarros@sldebarros.com>

Hey Sivonnia:

We are close to settling this case out of Court. Is there something I need to know that I do
not know, now?
Please do not be scared off the case by the threat of attorneys fees and sanctions.

It is very common for a magistrate to oversee settlement conversations--I sent the email
requesting Magistrate Valdez.
Let's hang in this until it's settled, please. Also, please call me before making any non-
strategy decisions. Thank you.

Call me.

Brandon
--
Brandon Hudson, Esq.
Direct dial: (630) 697-9306

**************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Brandon Hudson, Attorney-at-Law.
Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.
If you have received this communication in error, please notify us immediately by return e-mail or by e-mail
to BHudson205@gmail.com, and destroy this communication and all copies thereof, including all attachments.
**************************************************

[Quoted text hidden]