UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON HUDSON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> KIMBERLY M. FOXX, Cook County ) <br> State Attorney in her Official and ) <br> Individual Capacity; COOK COUNTY ) <br> STATE ATTORNEY'S OFFICE; ) <br> COOK COUNTY, ILLINOIS; ) <br> JENNIFER WALKER-COLEMAN, in ) <br> her official and individual capacity as ) <br> Division Chief of Staff; JENNIFER ) <br> BALLARD-CROFT, in her official and ) <br> individual capacity as Chief of Staff; ) <br> JOAN PERNECKE, in her official and ) <br> individual capacity as Division Chief; ) <br> EMILY COLE, in her Official and ) <br> individual capacity as Supervisor; and ) <br> MARY JOLY STEIN, in her official ) <br> and individual capacity as Supervisor ) <br> ) <br> Defendants. ) | Case No: 18-cv-08243 <br><br> Honorable Andrea R. Wood |

**PLAINTIFF'S MOTION TO SHOW CAUSE**

Plaintiff Brandon Hudson ("Hudson"), by and through counsel, THE LAW OFFICE OF SEAN BROWN, moves this Honorable Court pursuant to Federal Rules of Civil Procedure 11 and Local Rules of the United States District Court Northern District of Illinois 5.3 and 5.4 to show cause why the case should not be dismissed pursuant to the purported Settlement Agreement. In support of Plaintiff's Motion to Show Cause, Plaintiff states as follows:

1. Defendants' Human Resources Department (HR) found Plaintiff, *Pro se*, endured a hostile work environment; (attached as Exhibit 1 (*Doc. 1-1 Filed 12/17/2018, p.1-3*))

2. On 11/27/2017, Defendants' HR assured Plaintiff would not be subject to retaliation; (*Id.*)

3. On 12/04/2017, Defendants' HR allowed the termination of Plaintiff only seven (7) days later; (*Id.*)

4. Defendants' fought vehemently against Plaintiff's claim for Unemployment Insurance and even falsified the reason for denial as "misconduct," later withdrawing its objection;

5. Defendants' indicated they would file for Sanctions and Bill of Costs against, at least, one of Plaintiff's former counsels, if not both counsels (as two former Plaintiff's attorneys have withdrawn). (attached as Exhibit 2 (*email*))

6. After Defendants' counsel threatened Plaintiff's former counsel with sanctions, Sivonnia DeBarros–Ms. DeBarros sent Plaintiff the purported Settlement and Ms. DeBarros' motion to withdraw in the same email correspondence to Plaintiff. (attached as Exhibit 3 (*email threat*))

7. Plaintiff receiving the purported Settlement Agreement in tandem with former Plaintiff's counsel's motion to withdraw provides strong evidence of:

    a. Plaintiff was without the benefit of counsel during the alleged Settlement;

    b. Plaintiff's counsel was threatened during Settlement discussions; and

    c. Plaintiff was threatened during Settlement discussions.

8. The purported Settlement does not have Plaintiff's signature on the document; the purported Settlement instead has the acknowledgement of "Vi Coactus."[1] (attached as Exhibit 4)

---

[1] Vi Coactus (V.C.) is a Latin term meaning "having been forced" or "having been compelled". "Vi Coactus" or "V.C." is used with a signature to indicate that the signer was under duress.

Page 2 of 5

9. Here, it is clear Plaintiff did not enter into a Settlement knowingly, voluntarily, of his free will, with the benefit of counsel, without threat, without duress, and without coercion from Defendants' and/or its counsel based on the following:

   a. The pattern and practice of threats and bullying by defendants' and its counsel;
   b. Plaintiff's request for an extension of time to show cause and two supplemental filings;
   c. the purported Settlement being filed by Defendants' rather than Plaintiff;
   d. this Honorable Court's plea for former Plaintiff's counsel to maintain an Appearance until the terms of the Settlement were finalized; **and**
   e. Plaintiff's retention of counsel to enter into a reasonable Settlement.

WHEREFORE, the Plaintiff moves this Court to enter an order granting Plaintiff a transfer to the Magistrate Judge to provide the parties with an opportunity to finalize a reasonable Settlement, as the parties have agreed to a settlement *in kind*–with a need for substantive assistance–in the above-captioned matter.

In the alternative, Plaintiff moves to this Court to aid the parties with the purported Settlement and setting aside the purported Settlement acknowledged *Vi Coactus* where this Honorable Court has an interest in remedying any unconscionability based on "unequal bargaining power," which Plaintiff has detailed in the instant Motion to Show Cause.

Respectfully submitted,

Brandon Hudson

By: /s/ *Sean Brown*
    Sean Brown
    Attorney for Plaintiff, Brandon Hudson.

Sean Brown
The Law Office of Sean Brown
111 W Jackson Blvd, Unit 1700
Office: 312-675-6116
Fax: 312-6375-6001
Chicago, Illinois 60604
AttorneySeanBrown@gmail.com

## CERTIFICATE OF SERVICE

I, Sean Brown, certify that on October 11, 2021, I caused to be filed the foregoing *PLAINTIFF'S MOTION TO SHOW CAUSE* using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ *Sean Brown*
Sean Brown