```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

BRANDON HUDSON,                       )
                                      )
              Plaintiff,              )
                                      )
         -vs-                         )   No. 18 C 8243
                                      )
KIMBERLY M. FOXX, et al.,             )   Chicago, Illinois
                                      )   September 26, 2019
              Defendants.             )   9:00 a.m.


                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff:        THE SL DeBARROS LAW FIRM, LLC
                          720 S. Eastwood Drive, 298
                          Woodstock, Illinois  60098
                          BY:  MS. SIVONNIA DeBARROS


For the Defendant:        SCHARF BANKS MARMOR LLC
                          333 West Wacker Drive
                          Chicago, Illinois  60606
                          BY:  MS. SARAH R. MARMOR




               COLETTE M. KUEMMETH, CSR, RMR, FCRR
                     OFFICIAL COURT REPORTER
                   219 South Dearborn Street
                           Room 1928
                   Chicago, Illinois  60604
                         (312) 554-8931
```

**EXHIBIT A**

```
1              (Proceedings heard in open court:)
2              THE CLERK:  18 CV 8243, Hudson versus Foxx.
3              MS. DeBARROS:  Good morning, your Honor.  Sivonnia
4    DeBarros on behalf of plaintiff.
5              MS. MARMOR:  Good morning, your Honor.  Sarah
6    Marmor on behalf of the defendants.
7              THE COURT:  Okay.  So plaintiff wants to file an
8    amended complaint to address the arguments raised in the
9    motion to dismiss.  Is there any reason why I shouldn't grant
10   it?
11             MS. MARMOR:  Well, several actually, your Honor.
12   One is that there is no actual amended complaint attached to
13   the motion, and this has really been a moving target at this
14   point.  I remind the Court that we filed our motion to
15   dismiss in February, after a long delay.
16             The original counsel in this case withdrew,
17   according to the record, on disagreement with the plaintiff
18   about strategy in the case.  On the last possible day for new
19   counsel to appear, new counsel did appear.  And as I
20   represented to the Court the next day, the deal was that I
21   gave an extra amount of time for our motion to dismiss to be
22   filed on the representation that there was not going to be
23   simply an amended complaint filed.  That happened.  They
24   filed their response.  We then expended my client's money and
25   time on a reply.
```

1  And part of what we say in our reply is that --
2  because the response effectively says, well, I'd like to
3  amend the complaint. And really, it concedes really what our
4  motion was, and then tries to make a different argument about
5  what the complaint says, but also says we'd like to file an
6  amended complaint. And we then spent time and effort saying
7  that that would be futile.
8  We now have a motion for leave to amend that says
9  even new things about what they would like to say in their
10  amended complaint. I think the fair thing to my client under
11  these circumstances is that if your Honor is going to
12  entertain the motion, that we be given -- that the actual
13  amended complaint, a version that they want to present to the
14  Court, be filed and that we be allowed then to submit a
15  responsive brief to their motion for leave.
16  THE COURT: So the motion for leave does not
17  include a date by which you would be ready to file this
18  amended complaint, and it doesn't attach the amended
19  complaint. So do you have one drafted, and how much time do
20  you need to get it on file if I grant your motion?
21  MS. DeBARROS: Your Honor, if I could have by the
22  end of October. I am leaving for vacation literally next
23  week.
24  THE COURT: How long are you going to be gone?
25  MS. DeBARROS: For two weeks. We will be leaving

1    the 2nd and returning on the 16th.  I can push that out to
2    try to get something done prior to the end of the month, but
3    I will not have access to internet at all.
4            One of the reasons why there is not a proposed
5    amended complaint attached to the motion, I've had some
6    things that happened in my family, personal death, to be
7    exact, and of course that took away that time.  Not only
8    that, but the issues with responding to the motion also took
9    a great deal of time.  And I feel like it would be
10   detrimental to my client to just throw something together and
11   not provide a complaint that would actually support the
12   allegations that I feel like he could substantiate in this
13   case.
14           Like we argued in the response, and of course I
15   can't talk about what the previous drafter of the complaint
16   was intending to do, but it appears from the face of the
17   complaint that his former counsel intended that his claims
18   also were being brought pursuant to other constitutional
19   statutes.  And so I would like the time so that I can make
20   sure the complaint is well-drafted.
21           I have no problem with tendering a copy to opposing
22   counsel once it's done, and like I say, your Honor, at least
23   if I can get a date after October 16th to have it done, I
24   will make sure that it is.
25           THE COURT:  Have you, now that you have been in the

1  case for I think about three months or so, have you had a
2  chance to fully investigate your client's claims?
3        MS. DeBARROS:  Somewhat.  Yes.
4        THE COURT:  Why only somewhat?
5        MS. DeBARROS:  Well, because I've had other issues
6  going on, but through the process of responding to the motion
7  we have been able to talk about issues, and I have been able
8  to review the record as it relates to his employment,
9  communications that occurred with the defendants as it
10 relates to an investigation, what we consider to be a
11 widespread practice of the defendants to basically eliminate
12 civil liberties of their employees.  That's why I say
13 somewhat.
14       THE COURT:  You've investigated it enough to feel
15 that you can allege sufficient facts --
16       MS. DeBARROS:  Yes.
17       THE COURT:  -- to state a claim --
18       MS. DeBARROS:  Yes.
19       THE COURT:  -- under the theories that you're
20 suggesting in your motion.
21       MS. DeBARROS:  Yes, your Honor, I do.  I feel
22 strongly about that.  I truly feel that my client has claims
23 according to the protection clause.
24       There was also a statement that opposing counsel
25 made in her reply brief that retaliation does not come in

1  under equal protection, which I never argued in my response
2  brief that it did.  I was just making the point that he pled
3  enough facts to support a retaliation claim.  So they concede
4  that he may also have claims under the First Amendment, which
5  I believe that he does.  Based on the information that I
6  have, there are valid constitutional claims available to him
7  that I feel as though he would be able to substantiate to
8  this Court.
9              THE COURT:  So most likely, Ms. Marmor, if I were
10 to grant your motion, it would be granted without prejudice
11 with leave to amend, because it's the first dismissal,
12 because of the nature of the arguments that you've made and
13 the fact that it's unlikely that I could reach a conclusion
14 that they wouldn't be able to -- that they shouldn't at least
15 have one more shot.  Because typically the expectation is
16 unless they've pled themselves out of court, a plaintiff
17 typically will get at least one opportunity to try to fix the
18 problems.  That's certainly what the Court of Appeals
19 encourages.  I think it's probably the best practice.
20             It seems to me that perhaps allowing the amendment
21 now, since they've described what they're going to do and how
22 it's going to address the arguments in the motion to dismiss,
23 could advance the ball, and that the amendment would be
24 allowed with the understanding that it makes it much less
25 likely that if there is another motion to dismiss and it's

1  successful that additional leave to amend would be granted,
2  because plaintiff's counsel has already had an opportunity to
3  address the deficiencies the first time around with the
4  benefit of full briefing and now with the benefit of having
5  time to investigate the claims.
6           MS. MARMOR:  Could I just say a couple of things?
7           THE COURT:  Yes.
8           MS. MARMOR:  I fully understand that, your Honor.
9  That's sort of why I started with the point that it would be
10 helpful to actually have the amended complaint in front of us
11 to be able to address even the motion.  And in fact, what
12 counsel just said is sort of why I actually think it might be
13 helpful to have a ruling on the motion to dismiss, because
14 the claim that there could be a First Amendment allegation in
15 this case suggests that counsel doesn't fully appreciate that
16 the Opp and Americanos cases that we cited in our motion to
17 dismiss all come from First Amendment jurisdiction.  And for
18 the same reasons that you can't be an employee under Title
19 VII, an ASA cannot make a First Amendment claim in this case.
20 So if we had some guidance on that I think that might be
21 helpful.
22          As to the amendment, I just want to make clear for
23 the record that one of the concerns that we really have, and
24 this is part of the elements of whether or not you grant
25 leave to amend, is undue delay.  And I think there has been

1  undue delay, and there continues to be undue delay in this
2  case, and the concern I have is that people leave the employ
3  of the State's Attorney's office all the time; memories fade.
4  I don't know how far back their allegations will go.
5      And so while I completely respect and understand
6  your Honor's position, I do think there is prejudice to my
7  client here.
8      THE COURT:  Would this amended complaint add any
9  new defendants?  In other words, are there any other
10 individuals?  I don't know who it might be that you have in
11 mind based on the complaint that I have now, but is it still
12 going to be the state's attorney -- are there any other
13 individuals that might be named somehow?
14     MS. DeBARROS:  Your Honor, based on the complaint
15 that I have, the only other individual that I can say may be
16 named in the complaint is the chief of the narcotics
17 division.  And I can't remember her name off -- Jennifer
18 Walker Coleman.  Other than that, potentially Erin Antoinette
19 Hadairi (phonetic).
20     THE COURT:  Okay.  Look, what probably should have
21 happened here, you should have asked for leave to amend when
22 you came in the case instead of responding.  It is --
23     MS. DeBARROS:  And, your Honor --
24     THE COURT:  -- most often the case when new counsel
25 comes in they want to amend the complaint.  Whether they're

1    permitted to or not is sort of a different matter.  But
2    usually the course of action is to ask for it at that point
3    in time.  The whole point is your client was dissatisfied
4    with what was done the first time around, so I would have
5    thought that that would have been requested, and that's not
6    --
7             MS. DeBARROS:  One reason I didn't do that, because
8    I did speak with opposing counsel, and her entire statement
9    was are you going to file a response because it's been
10   pending for awhile, or are you going to file an amendment
11   basically to concede to our arguments.
12             And my response to her was, well, I don't concede
13   to your arguments.  So since you have been waiting for a long
14   time for your motion to dismiss to be briefed and heard, I'm
15   going to file a response to it.  And I did feel like it was
16   necessary to have our arguments on file in regards to the
17   motion to dismiss.  So that was one of the reasons why.
18             THE COURT:  Okay.  I'm going to grant your motion
19   for leave to amend.
20             MS. DeBARROS:  Thank you, your Honor.
21             THE COURT:  Prepare your best amended complaint.
22             MS. DeBARROS:  Okay.
23             THE COURT:  That means -- you know the arguments
24   that were raised for the first one.  Make sure you've
25   addressed them.  Because if there is another motion to

```
1    dismiss and those same deficiencies are there --
2              MS. DeBARROS:  Correct.
3              THE COURT:  -- I'm not going to grant leave again,
4    because you have already been on notice of those arguments
5    and you've addressed them.
6              It may be that even with respect to any new issues
7    that come up with new claims, potentially new defendants,
8    that I will be less likely to grant additional leave, because
9    I'm going to assume at this point you've had time to research
10   both factually and legally your best arguments here.  So what
11   I'm looking for is your best complaint on that score.  And
12   let's sort of skip to that phase and see if there is
13   something that's worth going forward on.
14             Now, you're going to be out on vacation from when
15   to when?
16             MS. DeBARROS:  From October 2nd to October 16th.
17             THE COURT:  Because I am asking for sort of your
18   best complaint that you can plead, I'll give you the time
19   until the end of the month to do so.  I'll make it easy and
20   say October 31st.
21             MS. DeBARROS:  That's fine.
22             THE COURT:  Can you do it by then?
23             MS. DeBARROS:  Um-hum.
24             THE COURT:  Okay.  So file it by October 31st.
25   I'll set a date to respond or otherwise plead.
```

1    I'll give you the full 21 days rather than 14 for
2 an amended complaint.  So by November 21st, Ms. Marmor.  And
3 I'll set it for a status after Thanksgiving.  And that way if
4 there is a motion to dismiss it can be noticed for the status
5 date, perhaps the first week of December, and we can set a
6 schedule or the parties can agree on one.
7    MS. DeBARROS:  I'm currently set for trial on
8 December 4, so that date doesn't work for me.
9    THE CLERK:  The status was going to be December
10 3rd.
11    THE COURT:  Or we could do it on the Tuesday before
12 Thanksgiving if the parties would prefer to get it out of the
13 way.
14    MS. MARMOR:  I'm going to be out of town that week.
15    THE COURT:  Okay.
16    MS. DeBARROS:  The 3rd works for me.
17    MS. MARMOR:  That's fine with me.  The 3rd is fine
18 with me.
19    THE COURT:  So we'll set it for Tuesday, December
20 3rd, for a status.  We'll get the motion on the 21st.  So on
21 the 3rd we'll set a briefing schedule, and I'll also make a
22 decision once I've seen what this complaint looks like as to
23 what, if any, discovery should go forward.  So come prepared
24 for that discussion as well.  Okay?
25    MS. DeBARROS:  Okay.  Thank you, your Honor.

1          THE COURT: A complete, fulsome complaint. Okay?
2          MS. DeBARROS: Yes, your Honor. Thank you.
3          THE COURT: Thank you.
4     (End of proceedings.)

<u>CERTIFICATE</u>

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case on September 26, 2019.

/s/Colette M. Kuemmeth___
   Court Reporter