

FILED
11/30/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JMK

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON HUDSON,<br><br>               Plaintiff,<br>v.<br><br><br>KIMBERLY M. FOXX, Cook County State Attorney in her Official and Individual Capacity; COOK COUNTY STATE ATTORNEY'S OFFICE; COOK COUNTY, ILLINOIS; JENNIFER WALKER-COLEMAN, in her official and individual capacity as Division Chief of Staff; JENNIFER BALLARD-CROFT, in her official and individual capacity as Chief of Staff; JOAN PERNECKE, in her official and individual capacity as Division Chief; EMILY COLE, in her Official and individual capacity as Supervisor; and MARY JOLY STEIN, in her official and individual capacity as Supervisor<br><br>               Defendants. | Case No: 18-cv-08243<br><br>Honorable Andrea R. Wood |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER**

Plaintiff Brandon Hudson ("Hudson"), by and through counsel, THE LAW OFFICE OF SEAN BROWN, moves this Honorable Court pursuant to Federal Rules of Civil Procedure 60 and Local Rules of the United States District Court Northern District of Illinois 5.3 and 5.4 to seek relief from this Honorable Court's decision to not close the case without allowing Plaintiff an opportunity to be heard on Plaintiff's Motion to Show Cause as to why the case should not be dismissed pursuant to the purported Settlement Agreement. In support of Plaintiff's Motion for Relief from Judgment or Order, Plaintiff states as follows:

1. Defendants' Human Resources Department (HR) found Plaintiff, *Pro se*, endured a hostile work environment; (Dkt. 118, Ex. 1-4)

2. On 11/27/2017, Defendants' HR assured Plaintiff would not be subject to retaliation; (*Id.*)

3. On 12/04/2017, Defendants' HR allowed the termination of Plaintiff only seven (7) days later; (*Id.*)

4. Defendants' fought vehemently against Plaintiff's claim for Unemployment Insurance and even falsified the reason for denial as "misconduct," later withdrawing its objection;

5. Defendants' threatened Sanctions and Bill of Costs against, at least, one of Plaintiff's former counsels, if not both counsels (as two former Plaintiff's attorneys have withdrawn). (Dkt. 118)

6. After Defendants' counsel threatening Plaintiff's former counsel, Sivonnia DeBarros–Ms. DeBarros sent Plaintiff the purported Settlement and Ms. DeBarros' motion to withdraw in the same email correspondence to Plaintiff. (*Id.*)

7. Plaintiff receiving the purported Settlement Agreement in tandem with former Plaintiff's counsel's motion to withdraw provides strong evidence of:

    1. Plaintiff was without the benefit of counsel during the alleged Settlement;
    2. Plaintiff's counsel was threatened during Settlement discussions; **and**
    3. Plaintiff was threatened during Settlement discussions.

8. The purported Settlement does not have Plaintiff's signature on the document; the purported Settlement instead has the acknowledgement of "Vi Coactus." (*Id.*, Ex. 1-4)

9. Vi Coactus (V.C.) is a Latin term meaning "having been forced" or "having been compelled". "Vi Coactus" or "V.C." is used with a signature to indicate that the signer was under duress.

10. Here, by Defendants' by admission in its Motion in Opposition of Plaintiff's Motion to Show Cause, Defendants' admits Plaintiff's former counsel did not represent Plaintiff's wishes during the purported Settlement:

> On May 3, 2021, Defendants informed Ms. Debarros that they would agree to the terms discussed above. On May 4, 2021, Ms. Debarros responded stating that Hudson "agrees to the settlement terms but thinks the terms should go before a magistrate **which I don't think is necessary**." Defendants agreed. (Def. Motion in Opposition, Dkt. 122, p. 5, ¶12)

Illinois law holds there is a risk that a statement made in settlement negotiations would be admitted into evidence. In *Skonberg v Owens-Corning Fiberglas Corp.*, 215 Ill. App. 3d 735, 745 (1st Dist. 1991), the court held that "...admissions of fact are not excluded simply because they are made in the course of negotiations." The fact, here, is that Plaintiff's former counsel did not uphold her duty during purported Settlement discussion.

    Therefore, Defendants' *cannot*, in good faith, argue before this Honorable Court that a Settlement, in fact, occurred in this case knowing of the conflict between Plaintiff's wishes and Plaintiff's former counsel's opinion. The power of bargaining (*consideration*) and intent to be bound was removed from Plaintiff. *See Anand v. Heath*, 2019 WL 2716213 at *3 (N.D. Ill. June 28, 2019) and *see e.g. DiLorenzo v. Valve & Primer Corp.*, 347 Ill. App. 3d 194, 200 (2004); and *see Gallagher v. Lenart*, 226 Ill. 2d 208, 243 (2007); *Chandra v. Chandra*, 2016 IL App (1st) 143858, ¶ 16). Clearly, the level of unconscionability by vilifying the Plaintiff, a whistleblower of racist and unprofessional conduct by members of a government agency who is now backed by a outside counsel, a mid-sized law firm, in stating Plaintiff is an attorney and able to represent himself is disingenuous and not inline with Plaintiff's efforts to retain counsel at every state in the litigation. Defendants' attempt to portray Plaintiff as a person of "gamesmanship," but in

reality this litigation is akin to the story of David and Goliath; Plaintiff is merely seeking an equitable remedy, Settlement to be made whole. Defendants' in good faith cannot claim there was no duress, coercion, or undue influence, unconscionability, or unequal bargaining power based on the capacity of the parties. *See e.g. AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011).* "...courts may refuse to enforce any contract found "to have been unconscionable at the time it was made," or may "limit the application of any unconscionable clause." ... A finding of unconscionability requires "a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results." (internal citation omitted)[...]" [W]hen the waiver is found in a...contract of adhesion in a setting in which disputes between the contracting parties predictably involve...damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat..." *Id.*

11. In fact, Defendants further admit Plaintiff did everything within in his power and control to appraise Defendants and this Honorable Court of his intention to have the case scheduled for a formal and proper Settlement conference after Plaintiff's former counsel improperly asserted her opinion in opposition to Plaintiff's wishes during Settlement, "Hudson emailed the Court directly asking for the Court to assist with settlement discussions or refer to the Magistrate..." (Dkt. 122, ¶17) Therefore, the purported agreement Defendants assert (*Id.* at ¶18) is in bad faith. Plaintiff's actions have always been consistent with seeking a fair and equitable settlement agreement: (1) seeking new counsel; (2) noting duress on the signature line of the document; (3) e-mailing the Court for a Magistrate referral; (4) stating to Court his temporary, unfortunate position of

having to act in capacity is his own counsel deciding both strategy and settlement decisions; and (5) deciding to object to the entry of the purported Agreement to seek counsel after he allegedly signed the agreement of free will. (*Contra*. Def. Motion in Opposition, Dkt. 122, ¶¶27-30)

12. Defendants' have consistently engaged in actions to make Defendants' appear like victims, stating, "Defendant's' want this to be over... they have lives," when the docket explicitly shows Plaintiff was terminated one-week after Defendants' Human Resources Department found Plaintiff was subjected to harassment. (Ex. A) The Plaintiff is the one subject to Defendants' wrongdoing and ***the Defendants' attempt to settle the matter after this Court dismissed the Complaint is telling***-Defendants' raise a valid point as "officers of the court," with ethically and professional responsibilities, attorneys and judges should be able to resolve conflicts equitable with honor and integrity. As Defendants' and this Court are well aware an attorney's reputation is fundamental in the legal profession and Defendants' attempt to discredit Mr. Hudson, in light of Defendants' admissions, borders on unethical and professionally irresponsible as it related to candor and honesty before this Court. Plaintiff also has a life, family, and financial obligations like many officers of the court and the losses he is subject to the bad acts that occurred here will surely affect all parties but especially Plaintiff's ability to seek gainful legal employment after reporting Defendants' discriminatory bad acts. Defendants' "win" on Motion to Dismiss while albeit temporarily dispositive of federal litigation does not invalidate or erase the bad acts admitted by Defendants' Human Resources Department and founded by the Federal EEOC's allowance of Plaintiff to proceed to federal litigation.

13. It is clear Plaintiff did not enter into a Settlement knowingly, voluntarily, of his free will, with the benefit of counsel, without threat, without duress, and without coercion from Defendants' and/or its counsel based on the following:

   1. the pattern and practice of threats and bullying by defendants' and its counsel;
   2. Plaintiff's request for an extension of time to show cause and two supplemental filings;
   3. the purported Settlement being filed by Defendants' rather than Plaintiff;
   4. this Honorable Court's plea for former Plaintiff's counsel to maintain an Appearance until the terms of the Settlement were finalized; **and**
   5. Plaintiff's retention of counsel to enter into a reasonable Settlement.

14. Defendants' contention that Plaintiff does not submit sufficient case law should be weighed in an equitable lens. Many first year law students know the basic elements of a contract: offer, acceptance, and consideration. Many adolescents know right from wrong. Here, the parties and this Honorable Court do not need technical legal argument to hear a Plaintiff (both verbally and in writing) state there is no agreement, the outcome is not right, fair, equitable, conscionable. Plaintiff is seeking to settle the matter fairly but Defendants' have to come to the table with clean hands and an equitable mindset. In light of knowing this information, this Honorable Court should not unilaterally close the case finding Plaintiff agreed when the record clearly states inapposite. Should this Honorable Court seek to come the same result after reading or setting a hearing on this Motion, this Court should provide the Parties with a detailed reason for its finding, which would directly conflict with contract principles and Plaintiff's intent .

WHEREFORE, the Plaintiff moves this Court to enter an order granting Plaintiff a transfer to the Magistrate Judge to provide the parties with an opportunity to finalize a reasonable Settlement, as the parties have agreed to a settlement *in kind*–with a need for assistance in the substance–in the above-captioned matter.

In the alternative, Plaintiff moves to this Court to aid the parties with the purported Settlement and setting aside the purported Settlement acknowledged *Vi Coactus* where this Honorable Court has an interest in remedying any unconscionability based on "unequal bargaining power," which Plaintiff has detailed in this instant Motion to Show Cause.

This Honorable Court should not allow Defendants or their counsel to depart from common sense and traditional notions of fair play and substantial justice when deciding matters that impact the lives of others, set precedent for professional behavior in the legal profession, and guidance for the profession as a whole.

    Respectfully submitted,

    Brandon Hudson
    Interim Pro se, seeking counsel, Brandon Hudson.

    By: /s/Brandon Hudson
        Brandon Hudson
        Attorney for Plaintiff, Brandon Hudson.

Brandon Hudson
1507 East 53rd Street, 176
Chicago, IL 60615
bhudson205@gmail.com

## CERTIFICATE OF SERVICE

I, Brandon Hudson, certify that on November 30, 2021, I caused to be filed the foregoing *PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER* using the Court's electronic mail system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the electronic mail and/or CM/ECF system.

/s/ Brandon Hudson