
FILED
1/28/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
CM

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
CHICAGO, ILLINOIS 60604

| | |
|---|---|
| BRANDON HUDSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KIMBERLY M. FOXX, Cook County State Attorney in her Official and Individual Capacity; COOK COUNTY STATE ATTORNEY'S OFFICE; COOK COUNTY, ILLINOIS; JENNIFER WALKER-COLEMAN, in her official and individual capacity as Division Chief of Staff; JENNIFER BALLARD-CROFT, in her official and individual capacity as Chief of Staff; JOAN PERNECKE, in her official and individual capacity as Division Chief; EMILY COLE, in her Official and individual capacity as Supervisor; and MARY JOLY STEIN, in her official and individual capacity as Supervisor <br><br> Defendants-Appellees. | Appeal No. 21-3233 <br><br><br> Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br><br> No. 1:18-cv-08243 <br><br><br> Honorable Andrea R. Wood. |

## MOTION FOR PERMISSION TO APPEAL IN
## <u>FORMA PAUPERIS</u>

Plaintiff-Appellant BRANDON HUDSON, ("Plaintiff"), *pro se,* seeking counsel, respectfully submits this Motion for Permission to Appeal in Forma Pauperis pursuant to Circuit Rule 3(b) of the United States Court of Appeals for the Seventh Circuit and Fed.R.App.P. 24(a):

I.   *Notice to the District Court.*

The United States District Court for the Northern District of Illinois shall receive notice of this instant Motion for Permission to Appeal in Forma Pauperis simultaneously with the instant filing in the United States Court of Appeals for the Seven Circuit. Fed.R.App.P. 24(a)(1)

II.  *Financial Affidavit.*

The United States Court of Appeals for the Seventh Circuit requires a financial affidavit to proceed in forma pauperis pursuant to Fed.R.App.P. 24(a)(1)(A) ("the party's inability to pay").

This is an appeal from an employment discrimination case where an attorney was terminated merely 7-days after the employer's Human Resources (HR) department found the attorney was subject to a hostile work environment. (*Ex A, note the "March 7, 2017" date is a scrivener's error by defendants" HR department*) The termination was retaliatory, wrongful, and discriminatory, as Plaintiff pled in the District Court case. The docket alleges a Settlement occurred; Plaintiff is not in receipt of $0.01 or more. *Fed.R.App.P.* 24(a)(1)(A), (B), C.

As the practice of law relies heavily on the character, reputation, and fitness of its member attorneys, this case has detrimentally impacted Plaintiff causing financial hardship and inability to obtain gainful employment. Plaintiff seeks an Order allowing the filing of a financial affidavit under seal. *Fed.R.App.P.* 24(a)(1)(A), B. The affidavit will show Plaintiff is currently unemployed without a source of income.

This is an appeal of an Order entered on the docket in this action on November 1, 2021 (ECF Nos. 124-125) by the District Court, in favor of Defendants and against Plaintiff where the purported Settlement Agreement stated under duress, "*Vi Coactus*". ECF No. 124, p. 6 ("In sum, Hudson falls short of presenting clear and convincing evidence in favor of setting aside the parties' written settlement agreement."). The district court's Order relinquished jurisdiction as to Plaintiff's claims pursuant to a purported and alleged Settlement Agreement. *Fed.R.App.P.* (B),(C).

This appeal includes, without limitation, the district court's Order granting Defendants' motion to dismiss with prejudice pursuant to the purported settlement agreement [Ecf. 110] and terminating this civil action. *Fed.R.App.P.* (B),(C). On November 30, 2021, Plaintiff timely filed a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a).

### III. Permission to File Accompanying Financial Affidavit under Seal.

Pursuant to Fed.R.App.P. 24, LR3.3, LR5.8, and LR26.2, Plaintiff request permission to file accompany financial affidavit under seal.

"Any document submitted for filing for which a filing fee is required must be accompanied either by the appropriate fee or an IFP petition." (LR3.3)

"All attorneys and unrepresented parties..., shall file sealed documents pursuant to LR 26.2 ...Except where pursuant to court order a restricted or sealed document as defined by LR26.2 is not filed electronically." (LR5.8)

"**Sealing Order**. The court may for good cause shown enter an order

directing that one or more documents be filed under seal. No attorney or party may file a document under seal without order of court specifying the particular document or portion of a document that may be filed under seal, except that a document may provisionally be filed under seal pursuant to subsection (c) below. (LR26.2) (emphasis in original)

In this case, the financial affidavit may contain confidential and highly sensitive personal, private identifiable information, including but not limited to, social security or tax identification numbers, date of birth, financial account information. Thus, Plaintiff seeks an Order allowing the filing of a financial affidavit under seal. *Fed.R.App.P.* 24(a)(1)(A), B. The affidavit will show Plaintiff is currently unemployed without a source of income.

Dated: January 10, 2022

                                                        Respectfully submitted,

                                                        Brandon Hudson
                                                        Interim *Pro se*, seeking counsel.
                                                        By: /s/Brandon Hudson .
                                                        Brandon Hudson

Brandon Hudson
1507 East 53rd Street, 176
Chicago, IL 60615
bhudson205@gmail.com

                                                        *Attorney for Plaintiff, Brandon Hudson.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I filed the foregoing with the Clerk of the Court using the CM/ECF system and/or Clerk of the Court's email address (CA07_pro_se_filings@ca7.uscourts.gov and Temporary_E-Filing@ilnd.uscourts.gov) and Sarah Marmor <smarmor@scharfbanks.com>, Sean Brown <attorneyseanbrown@gmail.com>, David Lynn<david_lynn@ilnd.uscourts.gov, which will provide electronic notice of filing to all counsel of record.

<p style="text-align:right"><i>s/ Brandon Hudson</i><br>Brandon Hudson</p>

EX A (p. 1 of 3)



**OFFICE OF THE STATE'S ATTORNEY**
COOK COUNTY, ILLINOIS

**KIMBERLY M. FOXX**
STATE'S ATTORNEY

6 9 W. WASHINGTON, SUITE 3200
CHICAGO, ILLINOIS 60602
PHONE (312) 603-1880
FAX (312) 603-9693

November 27, 2017

To:    ASA ████████
         26th St. ████████

From:  Kathy Wallace
         Human Resources

On October 6, 2017, you made a claim of work place harassment against ASA Sara Kaufman. Specifically you alleged that in a discussion with ASA Kaufman regarding a September 29, 2017 email exchange, she described your email response as ████████ and stated that you were being ████████. As we discussed, the Cook County State's Attorney's Office ("CCSAO") takes such allegations very seriously and will not tolerate in appropriate behavior in the workplace. Employees are encouraged to bring such matters to our attention at any time, without fear of any adverse action being taken against them for doing so.

In my capacity as Director of Human Resources, I have interviewed all of the employees involved and /or identified as having knowledge of the alleged conduct, including you and ASA Kaufman. The investigation is now complete. Although we have determined that the complained of conduct does constitute unlawful workplace harassment by ASA Kaufman, it does appear that the use of profanity by ASA Kaufman falls short of the CCSAO's expectation that employees conduct themselves at all times in a professional, courteous and business-like manner.

Although privacy considerations limit our ability to share confidential information with you about other employees, I can tell you that appropriate action has been taken to ensure that such conduct does not repeat itself. Should you experience any further problems, please feel free to let me know. Any future conduct, including any retaliation, will be dealt with swiftly and severely as the circumstances dictate.

Please do not hesitate to ask questions or speak up about matters that concern you. If you feel any form of retaliation occurs, report it immediately so that it can be addressed quickly.

Thank you for bringing the matter to my attention.

cc: file



**OFFICE OF THE STATE'S ATTORNEY**
Cook County, Illinois

**KIMBERLY M. FOXX**
State's Attorney

JENNIFER BALLARD CROFT
Chief of Staff
69 W. Washington – Suite 3200
Chicago, IL 60602
312/603-1880

December 4, 2017

███████████

Dear ███████:

    Effective March 4, 2017, your employment with the Cook County State's Attorney's Office is terminated.

    All office materials (keys, ID's, etc.) must be returned to Human Resources. Your last check will be mailed to you, if you are not currently using direct deposit. Please verify with Human Resources that we have your correct address. You must make arrangements to pick up all personal belongings.

Sincerely,



Kathy Wallace
Director of Human Resources